LOTTINGER, Judge.
This is an appeal by Barnard and Burk Plant Services, Inc. and Employers National Insurance Company (B & B), from a summary judgment granted in favor of Rubicon Inc., Ron Lane and Louis McBride *763 (Rubicon). At issue is an indemnity provision contained in a contract between B & B and Rubicon.
FACTS
B & B and Rubicon are defendants in an action brought by Wiley M. Perkins and his family for the injuries they sustained as a result of the release of phosgene gas at the Rubicon plant at Geismar, Louisiana. On July 28, 1983, Wiley Perkins, B & B’s employee, was working inside a cylindrical tank at the Rubicon plant about 110 to 120 feet away from the phosgene reactor from which the gas escaped. At that time, the tank in which Mr. Perkins was working had been “isolated” for maintenance work and played no part in the phosgene reactor process. Mr. Perkins inhaled some of the released gas and was injured. The release of phosgene gas was in no way caused by the actions or inactions of any B & B’s employees or representatives.
Mr. Perkins was working at the plant pursuant to a maintenance contract between Rubicon and B & B. The contract contained the indemnity provision that the “Contractor [B & B] shall indemnify and hold Owner [Rubicon] harmless from all claims, suits, actions, losses and damages for personal injury, including death and property damage, even though caused by the negligence of the Owner, arising out of the Contractor’s performance of the work contemplated by this Agreement.”
Pursuant to this provision in the agreement, Rubicon tendered defense of the claim to B & B who refused the tender. Rubicon filed a cross claim and thereafter a motion for summary judgment. The trial court granted the motion for summary judgment ordering (1) B & B to provide a defense for Rubicon, (2) indemnify Rubicon for any sums they may be cast in judgment on the main demand, and (3) indemnify Rubicon for all cost and attorney’s fees incurred in defense of the plaintiffs’ claim and pursuit of the cross-claim. B & B now appeals.
ASSIGNMENTS OF ERROR
B & B contends the trial court erred in:
(1) Reading certain limiting language completely out of the indemnity clause and imposing on Barnard and Burk more liability than the contract provides;
(2) Granting summary judgment based on the holding in Reliance Insurance Company v. Barnard & Burk, Inc., 428 So.2d 1097 (La.App. 1st Cir.), writ denied, 433 So.2d 154 (La.1983) when that case is factually and legally inapplicable;
(3) Failing to construe the indemnity clause in accordance with well-established jurisprudence;
(4) Granting summary judgment when the mover, Rubicon, Lane and McBride, did not introduce any evidence that the Perkins’ claim “arose out of” Barnard and Burk’s performance of the work contemplated by the contract; and
(5) Granting summary judgment when all evidence in the record establish, without question, that the Perkins claim did not “arise out of” Barnard and Burk’s performance of the work contemplated by the contract.
ASSIGNMENTS OF ERROR NOS. 1 THRU 5
The Louisiana Supreme Court in Polozola v. Garlock Inc., 343 So.2d 1000, 1003 (La.1977), laid down the principle to be followed in this case, to wit:
A contract of indemnity whereby the indemnitee is indemnified against the consequences of his own negligence is strictly construed, and such a contract will not be construed to indemnify an indemnitee against losses resulting to him through his own negligent act, unless such an intention was expressed in unequivocal terms.
In Reliance Insurance Company v. Barnard & Burk, this court had the opportunity to interpret the very same contract and indemnity provision at issue in the present case. In Reliance the employees of Barnard & Burk had shut down a MDI Reactor section and were in the process of cleaning coils and reactor walls when the release of phosgene gas occurred. This court held that “Owner” in the indemnity provision included not only Rubicon but also the employees of Rubicon. Thus, B & *764 B had also assumed responsibility for negligent acts of the employees of Rubicon.
B & B argues that they only owe indemnity if the plaintiffs claim results, issues or proceeds from B & B’s performance of contract work. In other words, they argue that B & B must have in some small part caused the accident for indemnity to attach. They distinguish Reliance because the injuries in Reliance to the B & B employees were caused in part by the activity of the B & B employees. Whereas, in the present case, the B & B employees were not working on anything mechanically or otherwise related to the reactor which released the gas.
B & B’s argument is without merit. The indemnity provision is very broad. It basically expresses an intention for B & B to pay for the injuries to its employees if they are injured at the plant while doing the work required at the plant regardless of whether B & B’s action was a partial cause of the injuries or not. We find that the “arising out of” language is sufficiently broad to include all injuries to B & B employees while those workers are working at the Rubicon plant because of the contract. To hold otherwise would eviscerate the parties clear intention for B & B to reimburse Rubicon even for damages caused by Rubicon’s own negligence.
Therefore, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.