563 So.2d 258 (1990)
Wiley N. PERKINS, et al.
v.
RUBICON, INC., et al.
No. 89-C-2907.
Supreme Court of Louisiana.
June 14, 1990.
Gary A. Bezet, Erich P. Rapp, Kean, Miller, Hawthorne, Darmond, McCowan & Jarman, Baton Rouge, for Rubicon, Inc., et al., Barnard & Burk Plant Services, Inc., Dennis B. Flurry, Hal Hubert, Sid Wills & Employ Nat'l Ins. Co., defendants-applicants.
Alissa J. Allison, William H. Howard, III, Marshall M. Redmon, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, for Rubicon, Inc., Ron Lane, Louis McBride, defendants-respondents.
Robert R. Rainer, Baton Rouge, for Wiley M. Perkins, et al., plaintiffs-respondents.
DENNIS, Justice.[*]
The matter presented for our review is the interpretation of an indemnity agreement. Barnard & Burk Plant Services, Inc. (B & B) a maintenance service company, entered a contract with Rubicon, Inc., the owner of an industrial plant, to provide maintenance services at the plant. As part of the contract B & B agreed to "indemnify and hold [Rubicon] harmless from all claims, suits, actions, losses and damages for personal injury, including death and property damage, even though caused by the negligence of [Rubicon], arising out of [B & B's] performance of the work contemplated by this agreement."
Wiley Perkins, a B & B employee, filed suit against Rubicon and its insurer alleging *259 that he had been injured by the negligence of Rubicon's employees while he was performing work for B & B at the plant under the maintenance contract. Rubicon called upon B & B to defend it under the indemnity agreement, and when B & B refused Rubicon filed a cross claim against B & B and moved for summary judgment ordering B & B to defend and hold Rubicon harmless from Perkins' claim.
The facts surrounding Perkins' injury are not in dispute. On July 28, 1983, Perkins was working inside a cylindrical tank at the Rubicon Plant about 110 to 120 feet from a phosgene gas reactor. The tank in which Perkins was working had been "isolated" for maintenance work and was not being used as part of the phosgene reactor operations. Rubicon employees who were engaged in work at the reactor accidentally caused the release of phosgene gas. Perkins was injured when he inhaled some of the phosgene gas that drifted over to his work site.
The trial court granted summary judgment for Rubicon ordering B & B to defend and indemnify Rubicon. The court of appeal affirmed. 552 So.2d 762 (La.App. 1st Cir.1989). We granted certiorari in this case, 556 So.2d 1272 (La.1990), because the case presents a contractual interpretation issue similar to the one presented in Rodrigue v. LeGros, 563 So.2d 248 (La.1990). Because this case presents the issue under state law, however, we have concluded that the two cases warrant separate opinions.
A contract of indemnity whereby the indemnitee is indemnified against the consequences of his own negligence is strictly construed, and such a contract will not be construed to indemnify an indemnitee against losses resulting to him through his own negligent acts unless such an intention is expressed in unequivocal terms. Soverign Ins. Co. v. Texas Pipe Line Co., 488 So.2d 982 (La.1986); Polozola v. Garlock, 343 So.2d 1000 (La.1977). The indemnity agreement here unequivocally states that B & B "shall indemnify and hold [Rubicon] harmless from all claims, suits, actions, losses and damages for personal injury,... even though caused by the negligence of [Rubicon]." As the court of appeal concluded both in the present case and in earlier litigation interpreting the same contract, Reliance Insurance Company v. Barnard & Burk, Inc., 428 So.2d 1097 (La.App. 1st Cir.), writ denied, 433 So.2d 154 (La.1983), the parties clearly intended that B & B would assume responsibility for injuries caused by the negligent acts of the employees of Rubicon.
B & B argues that Perkins' presence and performance of his employment duties under the contract at the time of the accident are insufficient to support a finding that his injury arose out of B & B's performance of the contractual work. Although it does not delineate the precise scope of the "arising out of" language in the contract, B & B asserts that it does not include this type of accident. We disagree. Because the purpose of the indemnity agreement is to allocate risks inherent in the activity between the parties to the contract, we must determine whether the risk that resulted in the injury was one contemplated by the parties to the contract. In the present case, Rubicon wished to contract out its maintenance work, but it obviously did not wish to assume the greater risks of injury inherent in having a contractor perform the maintenance work. These additional risks include not only those caused by the potential fault of the contractor, but also those caused by Rubicon that result in injuries to the contractor's employees. Accordingly, the parties agreed that B & B would bear the risk of injuries "arising out of" its performance of the contract. Rather than requiring fault on the part of the contractor, we read this language as requiring a connexity similar to that required for determining cause-in-fact: Would the particular injury have occurred but for the performance of work under the contract? Such a connexity is clearly established by showing that the injured employee was engaged in work under the contract at the time of his injury. Quite simply, Perkins would not have been present at the site to be injured but for B & B's performance of the work under the contract. If the parties had intended to *260 limit indemnity to those injuries caused by the fault of B & B, as is implied by B & B's argument, then the language requiring indemnity for injuries caused by Rubicon's negligence would be meaningless surplusage. By the same token, to read an exception for injuries to employees not actively engaged in the harmful activity into the indemnity agreement would introduce a qualification clearly contrary to the parties' intention and the object of the agreement.
We therefore conclude that the plaintiff's injuries arose out of the performance of the contract, and B & B is obligated to indemnify Rubicon. For the reasons assigned, the judgment of the court of appeal is affirmed.
AFFIRMED.
COLE, J., respectfully dissents.
NOTES
[*] The Honorable Melvin A. Shortess, First Circuit Court of Appeal, participated in this case as Associate Justice pro tempore.