**Gary COMMANDER and Tom Waters**

v.

**BASF CORPORATION.**

Civ. A. No. 90–194–B.

United States District Court,
M.D. Louisiana.

March 10, 1992.

Arthur Cobb, Baton Rouge, La., for Gary Commander and Tom Waters.

Gary A. Bezet, Kean, Miller, Hawthorne, Darmond, McCowan & Jarman, Baton Rouge, La., for BASF Wyandotte Corp., Inmont Corp. and BASF Corp.

John W. Perry, Jr., Mathews, Atkinson, Guglielmo, Marks & Day, Baton Rouge, La., for S & S Sprinkler Co., Inc.

RULING ON MOTION FOR SUMMARY JUDGMENT BY S & S SPRINKLER COMPANY, INC.

POLOZOLA, District Judge.

The issue before the Court on this motion for summary judgment is whether an indemnification agreement requires S & S Sprinkler Company, Inc. (hereinafter "S & S") to indemnify BASF Corporation in this

case.[1] For reasons which follow, the Court finds that the motion of S & S for summary judgment is granted.

Plaintiffs filed this suit against BASF alleging that they were exposed to toxic fumes at the BASF Wyandotte Plant in Geismer, Louisiana, on or about March 3, 1989. At the time of the alleged accident, plaintiffs were employed by S & S to install a water sprinkler at the BASF facility. BASF filed a third party complaint against S & S seeking to be indemnified under an indemnity agreement in a contract between S & S and BASF. The contract contains the following clause:

9. Indemnification

Contractor, at its sole cost and expense, agrees to defend, indemnify, and hold harmless Purchaser from and against any and all liability, damage, loss, cost, expense, claims, demands, suits, judgments, or recoveries for or on account of any injury to or death of persons or damage on account of any injury to or death of persons or damage to property, including, without limitation, injury (including death), or damage to persons or property utilized by the parties hereto, which occurs in any way, directly or indirectly, as the result of Contractor's prosecution of the work. In no event, however, shall Contractor be liable for incidental or consequential damages. Contractor hereby releases and waives all rights of subrogation possessed by its insurers with respect to the foregoing indemnification."

Specifically, S & S contends it was not responsible for any leak which may have caused damage to the plaintiff and they are not responsible for any negligence of BASF. S & S contends that if a leak occurred, which is denied by BASF, the leak was not caused by the work being performed by S & S. S & S further contends that the indemnity clause does not obligate S & S to protect BASF from BASF's own negligence or fault.

■ Indemnity may only be required where the parties clearly intend to have such an agreement.[2] A contract of indemnity whereby the indemnitee is indemnified against the consequences of his own negligence is strictly construed and such an intention must be expressed in unequivocal terms.[3]

■ In support of its motion for summary judgment, S & S relies on *Perkins v. Rubicon*[4] and *Rodrigue v. LeGros*,[5] which involved indemnity clauses in which the contractor assumed responsibility even for injuries which occurred as a result of the owner's negligence. Defendant BASF also cites *Perkins* to support its claim for indemnity against S & S.[6] This Court agrees that *Perkins* controls and supports the Court's decision to grant summary judgment in favor of S & S.

*Perkins* and *Rodrigue*, as S & S suggests, both involved clauses in which the contractor *expressly* assumed responsibility for injury to its employees, even if caused by the *owner's* negligence. The indemnity clause in the contract between S & S and BASF contains no such language. The clause at issue here requires indemnity for injury "as the result of contractor's prosecution of the work." There is no evidence which suggests S & S employees caused the injuries complained of nor is

---

1. The Court has jurisdiction under 28 U.S.C. § 1332.

2. *Corbitt v. Diamond M. Drilling Co.*, 654 F.2d 329, 333 (5th Cir.1981); *Rodrigue v. LeGros*, 563 So.2d 248, 257 (La.1990).

3. *Perkins v. Rubicon, Inc.*, 563 So.2d 258, 259 (La.1990); *Soverign Ins. Co. v. Texas Pipe Line Co.*, 488 So.2d 982, 983 (La.1986); *Polozola v. Garlock, Inc.*, 343 So.2d 1000, 1003 (La.1977).

4. 563 So.2d 258.

5. 563 So.2d 248.

6. The Louisiana Supreme Court in *Perkins* specifically stated:

Rather than requiring fault on the part of the contractor, we read this language as requiring a connexity similar to that required for determining cause-in-fact: Would the particular injury have occurred but for the performance of work under the contract? ... Quite simply, Perkins would not have been present at the site to be injured but for B & B's performance of work under the contract. *Perkins*, 563 So.2d at 259.

there any evidence in the record to show that the injuries complained of were "the result of the contractor's prosecution of the work" under the contract between S & S and BASF. In its opposition, BASF states that it is difficult to imagine more all-encompassing language than "any and all liability ... which occurs in any way, directly or indirectly, as a result of contractor's prosecution of the work." Language which includes liability resulting from the owner's liability would clearly be more encompassing than liability resulting from contractor's prosecution of the work.

When a contract of indemnity contains no express provisions for indemnification against the consequences of an indemnitee's [BASF] negligence and an unequivocal intent is not found, there is a presumption the parties did not intend to hold the indemnitee [BASF] harmless from such liability.[7] This Court finds as a matter of law that the contract of indemnity in this case does not provide for indemnification against the consequences of BASF's negligence.

The strict construction rule and this presumption do not apply to the indemnitee's strict liability under Civil Code article 2317.[8] However, the Court finds that the contractual language does not show an intent to require the indemnitor [S & S] to indemnify against the indemnitee's [BASF] liability, whether based on negligence or strict liability.

Therefore:

IT IS ORDERED that third party defendant S & S Sprinkler Company, Inc.'s motion for summary judgment be, and it is hereby, GRANTED.

---

**7.** *Soverign Ins. Co.,* 488 So.2d at 985.

**8.** *Home Ins. Co. v. National Tea Co.,* 588 So.2d 361, 364 (La.1991); *Soverign Ins. Co.,* 488 So.2d at 985.