United States Court of Appeals,

Fifth Circuit.

No. 92–3352

Summary Calendar.

Gary COMMANDER and Tom Waters, Plaintiffs,

v.

BASF WYANDOTTE CORPORATION, et al., Defendants,

BASF CORPORATION, Third Party Plaintiff–Appellant,

v.

S & S SPRINKLER COMPANY, INC., Third Party Defendant–Appellee.

Dec. 9, 1992.

Appeal from the United States District Court for the Middle District of Louisiana.

Before JOLLY, DUHÉ, and BARKSDALE, Circuit Judges.

DUHÉ, Circuit Judge:

A contractor's employees sued the owner of a plant where they were working, alleging injuries from toxic fumes. The plant owner impleaded the contractor for contractual indemnity and a defense. Before trial on the main demand, the district court granted summary judgment for the contractor. 785 F.Supp. 1236 (M.D.La.1992). The plant owner appeals. Finding a disputed issue of material fact, we reverse.

I. *The Motion and Ruling*

The contractor, S & S Sprinkler Company, Inc., agreed to defend and indemnify the plant owner, BASF Wyandotte Corporation, against "claims [or] suits ... for or on account of any injury to ... persons ... which occurs in any way, directly or indirectly, as the result of Contractor's prosecution of the work." S & S moved for summary judgment against BASF, based on "the absence of evidence to suggest that [any release of toxic fumes] was caused by the work being performed by them. Rather, it is evident such a release would have necessarily resulted from the negligence of BASF employees or from a defect in plant equipment owned by BASF." S & S's Mem. in Supp. of

Mot. for Sum. J. (R. 62–63).

Apparently accepting this argument, the district court found, "There is no evidence which suggests S & S employees caused the injuries complained of nor is there any evidence in the record to show that the injuries complained of were "the result of the contractor's prosecution of the work' under the contract between S & S and BASF." R. 119. The court granted S & S's motion for summary judgment on the basis that the contract does not provide indemnity against BASF's negligence or strict liability. R. 120. Yet the court made no finding whether BASF was or was not negligent or at fault.

Summary judgment is appropriate only if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In reviewing the summary judgment, we apply the same standard of review as did the district court. *Waltman v. International Paper Co.,* 875 F.2d 468, 474 (5th Cir.1989). Finding that BASF's negligence is an unresolved issue of fact bearing on the indemnity obligation, we reverse the summary judgment.

## II. *BASF's Negligence is Material*

The district court recognized (correctly so) that under *Polozola v. Garlock, Inc.*[1] and *Soverign Insurance Co. v. Texas Pipe Line Co.,*[2] this contract does not provide indemnification against the consequences of BASF's own negligence. S & S agreed to defend and indemnify BASF against claims for personal injury "which occurs in any way, directly or indirectly, as the result of Contractor's prosecution of the work." Because the contract does not express in unequivocal terms the intent to indemnify against losses resulting from the indemnitee's own negligent acts, such losses are not covered. *See Polozola,* 343 So.2d at 1003; *Soverign,* 488 So.2d at 983.[3]

Thus the question whether the plaintiffs' claims are a consequence of BASF's own negligence

---

[1]343 So.2d 1000 (La.1977).

[2]488 So.2d 982 (La.1986).

[3]We do not address whether the contract provides indemnity for the consequences of BASF's possible strict liability.

is a material fact bearing on whether S & S will owe indemnity. If BASF's negligence did cause the injuries, the claims are not within the indemnity provision; if BASF is found free from fault, however, S & S will owe costs of defense.

### III. *BASF's Negligence is Genuinely at Issue*

S & S attempts to show that BASF's negligence is not genuinely at issue by relying on BASF's stipulation:

> in the event [Plaintiffs] were injured as the result of exposure to toxic fumes, the work performed by S & S [ ] had no direct or indirect effect on the release of the toxic fumes. Rather, the basis upon which the alleged contractual obligation is triggered is the reality that the plaintiffs would not have been present on the site and exposed to the fumes but for the work S & S was performing at the time of the alleged exposure pursuant to its contract with BASF.

S & S's Statement of Material Facts Not in Dispute (R. 57–58), agreed to in BASF's Statement of Disputed Facts (R. 96). S & S would have the court infer from this stipulation that, because *its work* had no effect on the release of fumes, some fault of *the indemnitee* obviously caused the release of fumes. Even if this stipulation absolves S & S of fault for the injuries, BASF's negligence is a distinct inquiry that has not been established one way or another by summary judgment evidence.[4] There has been no determination whether BASF's negligence caused any injuries, or whether the plaintiffs' claims even have merit.

The district court erroneously held that *Perkins v. Rubicon, Inc.,* 563 So.2d 258 (La.1990), supports summary judgment for S & S. *Perkins* decided only that a claim "arises out of" performance of work (within the meaning of a contract) if the claimant "would not have been present at the site to be injured but for [the] performance of the work". *Perkins,* 563 So.2d at 259. *Perkins* did not decide the question of fault and indeed noted that the phrase "arising out of" does not require fault on the part of the contractor. *Id.*

---

[4]Before the non-moving party is required to produce evidence in opposition to a motion for summary judgment, the moving party in a motion for summary judgment must demonstrate that there are no factual issues warranting trial. *Russ v. International Paper Co.,* 943 F.2d 589, 592 (5th Cir.1991) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)), *cert. denied,* ——— U.S. ———, 112 S.Ct. 1675, 118 L.Ed.2d 393 (1992). "This initial burden remains with the moving party even when the issue involved is one on which the non-movant will bear the burden of proof at trial." *Russ,* 943 F.2d at 592.

The comparable provision in the contract at issue is the requirement that the injury "occur[ ] directly or indirectly as the result of Contractor's prosecution of the work." By analogy to the provision in *Perkins,* we hold that this provision does not require fault of the contractor. The provision requires only a presence test, a "but for" causation test, like the provision in *Perkins.* The district court's statement that no evidence shows that the injuries were "the result of the contractor's prosecution of the work" either misconstrued the stipulation or misconstrued *Perkins.* The stipulation that the plaintiffs would not have been exposed to the fumes but for the contractor's work satisfies the presence test required by this provision of the contract.

## Conclusion

Whether or not BASF negligence caused any injuries bears on BASF's indemnity claim. No summary judgment evidence was presented on this issue of material fact. Nothing in *Perkins v. Rubicon* or the stipulations resolves the issue. The judgment dismissing BASF's indemnity claim is REVERSED, and the matter is REMANDED for further proceedings.

REVERSED and REMANDED.