PITCHER, Judge.
Plaintiff Timothy M. Sandbom (“Sand-bom”) filed suit against BASF Wyandotte Corporation (“BASF”) for injuries he allegedly sustained while working at the BASF Plant. BASF, after answering Sandbom’s suit, filed a third party demand against Louisiana Environmental Sales and Service, Inc. (“Louisiana Environmental”), Sand-bom’s employer, alleging contractual in *1021 demnity. Louisiana Environmental answered the third party demand and moved for summary judgment on the grounds that the contract between the parties did not apply to claims of negligence as asserted in the principal demand. The trial court granted the motion for summary judgment, and BASF appeals from that judgment. We reverse.
BACKGROUND
In the principal demand, plaintiff alleged that on or about August 8, 1986, at about 10:00 a.m., while acting within the course and scope of his employment for Louisiana Environmental, he was injured while working at the BASF plant in Geismer, Louisiana. Specifically, Sandbom alleged that he was asked to clean out certain chemicals without having first been given adequate instructions, warnings, or protective equipment, with the result that he inhaled noxious and hazardous vapors causing him to be seriously and permanently injured and disabled. BASF denied fault, stating that the injuries, if any, sustained by Sandbom, were the result of his own fault or negligence, or that of third parties for whom BASF is not responsible.
At the time of the alleged incident, Sand-bom was employed by Louisiana Environmental and working at the BASF plant pursuant to a contract between BASF and Louisiana Environmental. This contract included an indemnification clause.[1]
Pursuant to this indemnification agreement, BASF made demand upon Louisiana Environmental for indemnity and a defense. When Louisiana Environmental refused, BASF filed a third party demand. Louisiana Environmental thereafter filed a Motion for Summary Judgment, alleging that the indemnification agreement does not apply to Sandbom’s claims.
After the hearing on Louisiana Environmental’s Motion for Summary Judgment on December 10, 1991, the trial court granted summary judgment in favor of Louisiana Environmental and dismissed BASF’s third party demand for indemnity. The court did not supply written reasons for judgment, but during the hearing the trial judge explained judgment would be rendered against BASF because the indemnity provision did not express a clear intent to indemnify BASF against its own negligence. The trial judge reasoned that he could not rule against Louisiana Environmental without “any allegations or any pleadings to the effect that Louisiana Environmental was negligent ... ”. The court therefore granted Louisiana Environmental’s motion.
BASF appeals the trial court’s judgment and asserts the following assignments of error for our review:
(1) The trial court erred in granting summary judgment when there were material issues of fact concerning the liability and/or fault of BASF, Louisiana Environmental, and the plaintiff.
(2) The trial court erred in finding that the indemnity provision does not provide for indemnity of BASF’s negligence.
(3) The trial court erred in not finding that the indemnity provision provided for indemnity for BASF’s strict liability.
CONTRACTUAL INDEMNITY
LSA-C.C. art. 1906 defines a contract as an agreement by two or more parties whereby obligations are created, modified, or extinguished. Where the *1022 words of a contract are clear, explicit, and lead to no absurd consequences, the meaning and intent of the parties must be sought within the four corners of the document and cannot be explained or contradicted by parol evidence. Billingsley v. Bach Energy Corp., 588 So.2d 786, 790 (La.App. 2nd Cir.1991).
An indemnity agreement is a specialized form of contract which is distinguishable from a liability insurance policy. It is the terms of the indemnity agreement which govern the obligations of the parties. Meloy v. Conoco, Inc., 504 So.2d 833, 839 (La.1987). The law permits an indemnitor, who is not at fault, to contractually indemnify an indemnitee, who is also not at fault, but such indemnity must be expressly provided for in the indemnity agreement. Palmer v. General Health, Inc., 552 So.2d 750, 755 (La.App. 1st Cir.1989).
SUMMARY JUDGMENT
In its first assignment of error, appellant, BASF, asserts that the trial court granted summary judgment dismissing BASF’s claim for indemnity, despite the fact that Louisiana Environmental did not produce any evidence concerning the facts of the alleged accident to prove there are no material issues of fact.
Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. McKinney v. South Central Bell Telephone Company, 590 So.2d 1220, 1221 (La. App. 1st Cir.1991), writ denied, 592 So.2d 1302 (La.1992). A fact is material, for purposes of determining whether to grant summary judgment, if its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery, or if it potentially ensures or precludes recovery, affects the plaintiffs ultimate success or determines the outcome of the legal dispute. Dearie v. Ford Motor Co., 583 So.2d 28, 30 (La.App. 5th Cir.), writ denied, 588 So.2d 1117 (La.1991). See also Roadrunner Motor Rebuilders, Inc. v. Ryan, 603 So.2d 214 (La.App. 1st Cir.1992); and LSA-C.C.P. art. 966.
In the instant case, the trial court reviewed the evidence presented, and after concluding there was no genuine issue of fact, granted summary judgment. Summary judgment is appropriate only if the record discloses that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law. Before the non-moving party is required to produce evidence in opposition to a motion for summary judgment, the moving party in a motion for summary judgment must demonstrate that there are no factual issues warranting trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Russ v. International Paper Co., 943 F.2d 589 (5th Cir.1991), cert. denied, — U.S. -, 112 S.Ct. 1675, 118 L.Ed.2d 393 (1992). If the mover produces convincing proof by affidavit and other receivable evidence of the facts upon which the motion is based, and no countervailing evidence is offered by the opposing party, the conclusion may be justified that there is no dispute as to the material facts so proved. Waddell v. Bickham, 431 So.2d 59, 60 (La.App. 1st Cir.1983).
At issue is whether the trial court erred in judgment. The trial court, in its reasons for granting summary judgment, stated that since BASF had not asserted any allegations of negligence on behalf of Louisiana Environmental, the court must grant summary judgment. The trial court erroneously concluded that there is no genuine issue of material fact that would have a bearing on the outcome of the trial. The court did not look at the issue of whether the plaintiffs injuries are a consequence of BASF’s negligence. This is a material fact bearing on whether Louisiana Environmental owes indemnity.
In its supplemental brief, appellant cites Commander v. BASF Wyandotte Corp., 978 F.2d 924 (5th Cir.1992) as persuasive authority for the proposition that the negligence of the parties must be resolved be *1023 fore summary judgment can be granted. In Commander, the facts were similar to those in the instant case. A contractor’s employees sued the owner of a plant where they were working, alleging injuries from toxic fumes. The plant owner impleaded the contractor for contractual indemnity and a defense. Before trial on the main demand, the district court granted summary judgment, and the plant owner appealed. The United States Court of Appeals for the Fifth Circuit reversed, holding that there was a disputed issue of material fact. The Commander court stated that even if it was stipulated that the contractor was free of fault for the plaintiffs’ injuries, BASF’s negligence is a distinct inquiry that has not been established one way or another by summary judgment evidence. There has been no determination whether BASF’s negligence caused any injuries, or whether the plaintiffs’ claims even have merit. Commander, at 926-927.
We agree with the court in Commander. If BASF’s negligence did cause the injuries, the claims are not within the indemnity provision. If BASF is found free from fault, however, the provision may be applicable. The trial court in this case, therefore, needed to look at the issue of negligence as it pertained to all parties, before granting summary judgment.
After reviewing the record in this matter, we find that are unresolved issues of fact regarding whether BASF and Louisiana Environmental were negligent. Since these unresolved issues of fact bear on the indemnity obligation, we find that the trial court improperly granted the Motion for Summary Judgment.
INDEMNITY PROVISION: NEGLIGENCE/STRICT LIABILITY
Louisiana Environmental argues that indemnity did not provide for BASF’s negligence and/or strict liability because the indemnity provision does not equivocally express an intention to indemnify BASF for its own negligence and/or strict liability.
Because the issue of negligence must be resolved before a determination of whether the indemnity provision provided for same, we do not address whether the contract provides indemnity for the consequences of BASF’s possible negligence or strict liability.
CONCLUSION
For the foregoing reasons, the judgment dismissing BASF’s indemnity claim is ordered REVERSED, and the matter is REMANDED for further proceedings consistent with the views herein expressed.
It is further ordered that all costs of this appeal are allocated to appellee, Louisiana Environmental Sales and Service, Inc.
REVERSED and REMANDED.
CARTER, J., concurs with reasons.

. Contractor [Louisiana Environmental] at its sole cost and expense, agrees to defend, indemnify, and hold harmless Purchaser [BASF] from and against any and all liability, damage, loss, costs, expense, claims, demands, suits, judgments, or recoveries for or on account of any injury to or death of persons or damage to property, including, without limitation, injury (including death) or damage to persons or property utilized by the parties hereto, which occurs in any way, directly or indirectly, as a result of the Contractor's prosecution of the work. In no event, however, shall Contractor be liable for incidental or consequential damages. Contractor hereby releases and waives all rights of subrogation possessed by its insurers with respect to the foregoing indemnification.
Seller will assume the sole responsibility for any and all damage or injury of any and all persons and to all property in any way directly or indirectly, arising out of the performance of his obligation under this Purchase Order, and shall indemnify and save harmless BASF from and against any and all demands of whatsoever nature arising therefrom.