| WOODARD, Judge.
This is a personal injury suit. Ms. Dale Dartez filed suit for a slip and fall accident, which occurred in a rental storage facility, Jefferson Terrace Self Storage (JTSS) in New Iberia, Louisiana. She sued Mr. Virgil C. Reid, Mr. Daniel J. Gentry, and Ms. Lisa Banks, the owners of JTSS and its insurer, Atlas Assurance Company of America (Atlas). Mr. Reid, doing business as JTSS (JTSS), and Atlas answered and filed a third party demand against Ms. Margaret A. Dartez, Ms. Dale Dartez’s daughter, seeking indemnity under the terms of a rental storage lease which Ms. Margaret Dartez had executed six months earlier. Ms. Margaret Dartez filed a motion for summary judgment, seeking to have the third-party demand dismissed. JTSS filed a motion for summary judgment to have the indemnity provisions of the lease enforced. The trial court granted Ms. Margaret Dartez’s motion for summary judgment and denied that of JTSS and Atlas. JTSS and Atlas appeal. We affirm.
LFACTS
Ms. Margaret Dartez was the manager of the storage facility and had worked there for ten years prior to the accident. On June 24, 1995, she signed a “Rental Agreement # 1116” with JTSS for the rental of a self storage Unit Number 117. The agreement defined “Leased Space” as follows:
3. DESCRIPTION OF SPACE: In consideration of the covenants, conditions, and agreements herein contained to be kept and performed by Occupant, Owner does hereby lease to Occupant the herein described property, herein called “The leased space” at the self service storage facility, herein called “the facility” for the purposes of storing and/or removing personal property.
One of the provisions of that agreement in paragraph nine stated, in part:
OCCUPANT HEREBY AGREES TO INDEMNIFY AND HOLD HARMLESS THE OWNER FROM AND AGAINST ANY AND ALL MANNER OF CLAIM(S) FOR DAMAGES OR LOSS TO PERSONAL PROPERTY OR PERSONAL INJURY AND COSTS INCLUDING ATTORNEY’S FEES ARISING FROM OCCUPANT’S USE OF THE LEASED SPACE OR THE FACILITY, OR FROM ANY ACTIVITY, WORK, OR THING DONE, PERMITTED OR SUFFERED BY OCCUPANT IN OR ON THE LEASED SPACE OR AT THE FACILITY.
This agreement was in effect on February 3, 1996. On that date, Ms. Margaret Dartez’s mother, Ms. Dale Dartez, went to the facility to store some Christmas decorations. It was very cold and rainy. In front of Unit Number 117 was a puddle of *779 water which had become frozen. Ms. Dale Dartez parked her vehicle in front of the unit. While attempting to exit her vehicle, she slipped and fell on the ice, injuring her knees, back, and hand. Her injuries required considerable medical care. At the time of her fall, she was not in the rented unit, but was on the roadway area between two large buildings containing other JTSS storage units.
On January 29, 1997, Ms. Dale Dartez filed suit against Atlas, Mr. Reid, Mr. Gentz, and Ms. Banks, the owners, individually and doing business as JTSS. Mr. Reid d/b/a JTSS and Atlas joined Ms. Margaret Dartez as a third-party Defendant, seeking indemnification and attorney’s fees under the JTSS rental agreement for the injuries her mother sustained.
|sMs. Margaret Dartez filed a motion for summary judgment to dismiss Atlas’ and JTSS’ third party demand because: (1) the location where the accident occurred was a common accessory under JTSS’ control and was not part of the premises which Ms. Dartez leased; (2) the lease contract did not clearly and expressly provide indemnity language that the parties intended to hold Ms. Dartez responsible for JTSS’s negligence; and (3) La.R.S. 9:3221 was inapplicable to this case, as JTSS knew or should have known of the defect and had failed to remedy it in a reasonable time. Relying on the language of the lease agreement, Atlas and JTSS also filed a motion for summary judgment, alleging that they were entitled to complete indemnity from the third-party Defendant, Ms. Margaret Dartez.
On October 19, 1998, the trial court issued its reasons for judgment, explaining why it granted the summary judgment in favor of Ms. Dartez, dismissing Atlas’ and JTSS’ third-party demand. Also, it dismissed Atlas’ and JTSS’s motion for summary judgment. In its written reasons for judgment, the trial court relied on all three reasons which Ms. Dartez alleged in her motion. The court signed the judgment on October 26, 1998 and Atlas’ and JTSS’s order of appeal on December, 18, 1998.
LAW
Atlas and JTSS claim that the trial court erred in refusing to enforce the clear and unambiguous language of the contract between Ms. Margaret Dartez and JTSS, denying appellants’ motion for summary judgment and granting Ms. Margaret Dar-tez’s.
At the outset, we note that appellate courts review summary judgments de novo under the same criteria that governed the trial court’s consideration of whether or not summary judgment was appropriate. Schroeder v. Board of Sup’rs of La. State Univ., 591 So.2d 342 (La.1991); Soileau v. D & J Tire, Inc., 97-318 (La.App. 3 Cir. 10/8/97); 702 So.2d 818.
The law of summary judgment implemented in La.Code Civ.P. art. 966 was amended by Act No. 9 of the First Extraordinary Session of 1996. Further, in 1997, the legislature amended La.Code Civ.P. art. 966 to legislatively overturn jurisprudence inconsistent with Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96); 685 So.2d 691. In Hayes, we found that the legislature overruled the presumption against the grant of summary judgment. We stated that the amendment “levels the playing field” by [ ¿removing the overriding presumption in favor of trial on the merits and by equally scrutinizing, the supporting documents submitted by the mover and the nonmover. Hayes, 685 So.2d at 694.
La.Code Civ.P. art. 966(A)(2) now provides, in pertinent part, that “[t]he summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action.... The procedure is favored and shall be construed to accomplish those ends.” In other words, summary judgment is favored and shall be applied liberally. Townley v. City of Iowa, 97-493 (La.App. 3 Cir. 10/29/97); 702 So.2d 323.
*780 The amended provisions of La.Code Civ.P. art. 966 are procedural in nature and, thus, are subject to retroactive, as well as prospective, application. Kumpe v. State, 97-386 (La.App. 3 Cir. 10/8/97); 701 So.2d 498.
Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).
La.Code Civ.P. art. 966, as amended, charges the moving party with the burden of proving that summary judgment is appropriate. In doing so, the moving party’s supporting documentation must be sufficient to establish that no genuine issue of material fact remains at stake. Such a burden is not unlike that assigned to the moving party before the amendments. Townley, 702 So.2d 323. Once the mover makes a prima facie showing that there is no genuine issue of material fact and that summary judgment should be granted, the burden shifts to the nonmover.
The amendments to La.Code Civ.P. art. 966 require the nonmover to rebut the showing made by the mover of the nonexistence of a genuine issue of material fact. Townley, 702 So.2d 323. The non-mover must sufficiently establish that he is able to prove the existence of an essential element of his claim on which he is to bear the burden of proving at trial. Id. Furthermore, La.Code Civ.P. art. 967 provides, in pertinent part:
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleadings, but his responses by affidavits or otherwise provided above, must set forth specific facts showing that there is aRgenuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
The threshold question in reviewing a trial court’s grant of summary judgment is whether a genuine issue of material fact remains. Kumpe, 701 So.2d 498. After which, we must determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment. Id. Thus, summary judgment is apropos when all relevant facts are brought before the court, when the relevant facts are undisputed, and when the sole remaining issue relates to the legal conclusion to be drawn from the facts. Id.
Facts are material if they determine the outcome of the legal dispute. Soileau, 702 So.2d 818, The determination of the materiality of a particular fact must be made in light of the relevant substantive law. Id.
The critical material facts for our decision are not in dispute. First, Ms. Dale Dartez’ slip and fall occurred on the roadway between the two JTSS buddings which contained the rented storage units. At the time of the accident, she was not in her daughter’s “Leased Space,” but was in front of it.
Second, there is no dispute of material facts concerning the language of the lease. The lease seeks to require Ms. Margaret Dartez to indemnify JTSS for claims, damages, and attorney’s fees “ARISING FROM OCCUPANT’S USE OF THE LEASED SPACE OR THE FACILITY, OR FROM ANY ACTIVITY, WORK OR THING DONE, PERMITTED OR SUFFERED BY THE OCCUPANT IN OR ON THE LEASED SPACE OR AT THE FACILITY.”
In the third-party demand, Atlas and JTSS seek to require her to indemnify them for a slip and fall accident occurring in a common accessory area of the facility. The accident concerns exclusively the legal question of JTSS’ fault for permitting the ice puddle to form on the facilities that would be hazardous to those who happened to step on it.
*781 As the material facts are not in dispute, we must turn to the applicable law for this situation. This case presents issues relating to the construction of the indemnity provisions of the lease. Concerning indemnity provisions of a contract, in Perkins v. Rubicon, Inc., 563 So.2d 258, 259 (La.1990), the supreme court stated:
A contract of indemnity whereby the indemnitee is indemnified against the consequences of his own negligence is strictly construed, and | fisuch a contract will not be construed to indemnify an indemnitee against losses resulting to him through his own negligent acts unless such an intention is expressed in unequivocal terms. Soverign Ins. Co. v. Texas Pipe Line Co., 488 So.2d 982; Polozola v. Garlock, 343 So.2d 1000 (La.1977).
In a case from this circuit, May v. Acadiana Regional Airport, 562 So.2d 47, 48 (La.App. 3 Cir.1990), we stated:
Louisiana jurisprudence has consistently held that a contract of indemnity will not be construed to indemnify an indemnitee against loss resulting to him through his own negligence unless such intention is expressed in unequivocal terms. Green v. Taca Inter[n]ational Airlines, 304 So.2d 357 (La.1974); Sutherland v. Hammer[Hamner], 488 So.2d 486 (La.App. 3rd Cir.1986).
We have carefully reviewed the entire lease. Its indemnity provisions do not expressly and unequivocally state that Ms. Margaret Dartez is required to indemnify JTSS for its negligence occurring on the facility. While such provisions are enforceable in our courts, the indemnity language must be crystal clear, as in Perkins, 563 So.2d 258. (“B & B ‘shall indemnify and hold [Rubicon] harmless’ from all claims, suits, actions, losses and damages for personal injury ... even though caused by the negligence of [Rubicon].” Id. at 259.) The Perkins ’ type of indemnity language is not present in this lease. On this ground, alone, Ms. Dartez is entitled to judgment.
Additionally, in May, 562 So.2d at 49, we stated that “[l]iability exposure under this lease must depend on the maintenance and control of the location where the injury is sustained.” In May, a plaintiff, who was injured in a slip and fall accident on a airport’s stairway, filed a personal injury action against the airport authority. The airport authority filed a third-party demand against the lessee of a portion of the building, alleging that because the injured person was on the premises at the request of the lessee, the lessee must indemnify the airport authority. As the accident did not occur on that portion of the facility that the lessee controlled, the airport’s indemnity request was denied by this court.
While the location of this accident was on the JTSS “facility,” it did not occur at a location under Ms. Margaret Dartez’ control, under the terms of the lease. The only location that she controlled on the facility was her “Leased Space,” Unit Number 117. See also, Keller v. Odin Management, Inc., 31,305 (La.App. 2 Cir. 8/9/98); 716 So.2d 962.
There is no error in the trial court’s decision on the motions for summary judgment.
CONCLUSION
The trial court did not err in denying Atlas’ and JTSS’ motion for summary judgment and in granting Ms. Margaret Dartez’s motion for summary judgment. Its decision is affirmed in all respects. Atlas and JTSS are cast with the costs of this appeal.
AFFIRMED.