1LOVE, J.,
Concurs With Reasons.
The Supreme Court in Berry v. Orleans Parish School Board, 2001-3283, p. 4 (La.6/21/02), 830 So.2d 283, 285, discussed the standard for indemnifying an indemni-tee for his own negligence:
In Perkins v. Rubicon, Inc., 563 So.2d 258 (La.1990), this court held that an indemnity contract will not be construed to indemnify an indemnitee against losses resulting to him through his own negligent acts unless such an intention is expressed in unequivocal terms:
A contract of indemnity whereby the indemnitee is indemnified against the consequences of his own negligence is strictly construed, and such a contract will not be construed to indemnify an indemnitee against losses resulting to him through his own negligent acts unless such an intention is expressed in unequivocal terms.
(Internal citations omitted)(Emphasis Added).
The plain language of the subcontract between Glynagin and Hamp’s clearly expresses the intention to indemnify Hamp’s for Glynagin’s negligence, not for any acts of negligence committed by Hamp’s. Further, there is no language in either the contract between Glynagin and Hamp’s or the contract between Hamp’s and the New Orleans defendants that Glynagin will indemnify the New Orleans defendants under any circumstances. The majority is correct in reversing the judgment of the trial court ordering Glynagin to defend Hamp’s and the New Orleans defendants.