DYSART, J.,
concurs in part, and dissents in part, with reasons.
■ As I find that both defendants were properly granted summary judgment, I concur in the portion of J. Ledet’s opinion affirming summary judgment as to Guil-ford, and dissent from that portion of the opinion reversing summary judgment as to Reavis.
The contract in question provides that subcontractor, Reavis, is to perform numerous jobs for contractor Fluor. The performance and completion of these jobs took place over several years following Hurricanes Katrina and Rita.
The trial court interpreted the language of the contract using a temporal element, that is, once each individual job assigned to Reavis was completed and approved by Fluor, that job was over and Reavis could no longer be held responsible.
Article 4.0 of the subject contract provides that “[T]ask Order Releases will be issued on a firm fixed-price or fixed unit rate basis. Each Task Order Release will ... stand as an individual Contract with a defined scope of work, completion date and will contain any special terms and conditions to perform the identified work.” Reavis argues that this provision of the contract distinguishes Perkins v. Rubicon, Inc., 563 So.2d 258 (La.1990), as Perkins involved an injury that occurred while plaintiff was performing maintenance work under the contract. In this case, once Fluor approved the job and signed off, that particular Task Order was completed. The contract does not provided that Reavis was under contract to perform maintenance following installation of the steps.
Accordingly, I agree with the trial court that Reavis was under no obligation to indemnify Fluor once the job was completed, and respectfully dissent from the majority opinion.