EDITH BROWN CLEMENT, Circuit Judge,
dissenting:
I would affirm the district court’s holding that Continental’s duty to defend— which is much broader than its duty to provide coverage—was triggered by Cal Dive’s complaint against Edwards. We have construed the words “arising out of’ used in the policy as “broad, general, and comprehensive terms effecting broad coverage.” Red Ball Motor Freight, Inc. v. Emps. Mut. Liab. Ins. Co. of Wis., 189 F.2d 374, 378 (5th Cir. 1951). They simply require that a claim flow from, be incident to, or have a connection with an act or omission in rendering legal services. See id.; see also Perkins v. Rubicon, Inc., 563 So.2d 258, 259 (La. 1990) (reading “arising out of’ as only “requiring a connexity similar to” but-for causation). Edwards successfully represented Schmidt in a suit against Cal Dive through litigation and settlement. Cal Dive’s claims for unjust enrichment and restitution against Edwards at least have an incidental relationship to his legal representation of Schmidt. Because we must “liberally interprete ]” the allegations of the complaint and hold that the insurer is obligated to tender a defense unless the allegations “unambiguously exclude coverage,” I would affirm. *365 Yount v. Maisano, 627 So.2d 148, 153 (La. 1993).