| | | |
|---|---|---|
| UNIVERSAL SERVICES AND ASSOCIATES, LLC | * | NO. 2022-CA-0426 |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| WADE GRUNDMEYER, VAL COERVER, TAUBER OIL COMPANY, TAUBER PETROCHEMICAL CO., CHAD VERHOFF AND CAROLYN SHEFFIELD | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-08933, DIVISION "E"
Honorable Omar Mason, Judge
* * * * * *
**Judge Rachael D. Johnson**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Sandra Cabrina Jenkins, Judge Rachael D. Johnson)

**BELSOME, J., CONCURS IN THE RESULT**

James C. Cronvich
Clarence F. Favret, III
Jordan T. LeBlanc
FAVRET CARRIERE CRONVICH, LLC
650 Poydras Street
Suite 2300
New Orleans, LA 70130

     COUNSEL FOR PLAINTIFF/APPELLANT

R. Chauvin Kean
KEAN MILLER LLP
909 Poydras Street, Suite 3600
New Orleans, LA 70112

James R. Chastain, Sr.
Charles S. McCowan, III
KEAN MILLER, LLP
II City Plaza
400 Convention Street, Suite 700
P.O. Box 3513
Baton Rouge, LA 70802

COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**

**December 16, 2022**

## INTRODUCTION

RDJ
SCJ

Plaintiff/Appellant, Universal Services and Associates, LLC ("Universal"), seeks review of the trial court's April 11, 2022 judgment sustaining Defendants/Appellees', Tauber Oil Company, Tauber Petrochemical Co. (collectively, "Tauber"), Chad Verhoff ("Mr. Verhoff"), and Carolyn Sheffield ("Ms. Sheffield") (collectively, "Tauber Defendants") declinatory exception of improper venue. After consideration of the record before this Court and the applicable law, we affirm.

## FACTS AND PROCEDURAL HISTORY

Universal operates a barge cleaning facility in Belle Chasse, Louisiana, and sells petrochemical products derived from the cleaning process. Universal entered into four contracts with Tauber concerning the sale of petrochemical products beginning in 2012. All four contracts contain a forum selection clause requiring the "[v]enue of any suit, right or cause of action arising under or in connection with" each contract to "lie exclusively in Harris County, Houston, Texas." Universal alleges that in December 2013 two of its employees, Defendants Wade Grundmeyer ("Mr. Gundmeyer") and Val Coerver ("Mr. Coerver"), developed and

"implemented a scheme to divert" approximately $1.3 million "owed by Tauber to themselves personally, their personal LLCs, and [Mr.] Grundmeyer's brother, Ennis" through the use of "falsified Product Spreadsheets." Universal further alleges that Ms. Sheffield and Mr. Verhoff, Tauber employees, assisted Mr. Grundmeyer and Mr. Coerver because they "direct[ed] substantial portions of the Tauber payments" due to Universal to Mr. Grundmeyer and Mr. Coerver "without any kind of agreement or authorization from Universal."

Universal filed suit against the Tauber Defendants, Mr. Grundmeyer, and Mr. Coerver on November 2, 2021, asserting tort claims of conversion, civil conspiracy, and vicarious liability. Universal filed an amended petition on January 2, 2022, naming WMG Enterprises, LLC ("WMG"), and Coerver Enterprises, Inc. ("Coerver Enterprises"), as additional defendants. [1]

The Tauber Defendants filed a declinatory exception of improper venue and a dilatory exception of vagueness (collectively, "Tauber Exceptions") on January 14, 2022.[2] As to the declinatory exception of improper venue, the Tauber Defendants argued that the forum selection clause in the contracts between Tauber and Universal is enforceable and applies to the instant suit. Accordingly, the Tauber Defendants further argued that the trial court should sustain their declinatory exception of improper venue and dismiss Universal's suit because venue is proper in Texas.

Universal filed an opposition to the Tauber Exceptions on March 23, 2022. In its opposition, Universal first contended that venue is proper in Orleans Parish,

---

[1] A related case, *Universal Services and Associates, LLC v. Wade Grundmeyer, et al*, 2022-CA-0427, pertaining to Defendants', Mr. Grundmeyer, Mr. Coerver, WMG, and Coerver Enterprises, declinatory exception of improper venue is currently pending before this Court.

[2] The Tauber Defendants' dilatory exception of vagueness is not the subject of the instant appeal.

Louisiana, pursuant to La. C.C.P. arts. 42(1) and 73 because Mr. Grundmeyer is an Orleans Parish domiciliary and because all defendants in the instant suit are joint and solidary obligors. Next, Universal argued that the instant litigation does not arise out of the four contracts between Universal and Tauber. Rather, Universal contended that this litigation concerns "secretive transactions" that were "not authorized or contemplated by the contract." Additionally, Universal argued that the four contracts between Universal and Tauber "do not apply" to Ms. Sheffield and Ms. Verhoff because their liability "derives from the liability of the principal tortfeasors, [Mr.] Grundmeyer and [Mr.] Coerver" and because Mr. Grundmeyer and Mr. Coerver's "conversion of money is not authorized or contemplated by the contract." Moreover, Universal contended that Tauber is vicariously liable for the actions of its employees, Ms. Sheffield and Mr. Verhoff.

The Tauber Defendants filed a reply on March 29, 2022. In their reply, the Tauber Defendants argued that the four contracts between Tauber and Universal "are the subject of the dispute" in the instant action because "[b]ut for those contracts, and the alleged payments owed, Universal's lawsuit would not have been filed."

The trial court heard the Tauber Exceptions on April 1, 2022. At the hearing, the trial court sustained the Tauber Defendants' declinatory exception of improper venue and explained:

> [T]he court does not see a way to separate the allegations and the actions that are being alleged from the contract at issue, because the source of the allegations clearly arise out of, or arise under or in connection with the transactions that were memorialized, or at least the agreement were memorialized in the contract, and the allegations are with respect to conversion of funds – of money. And the money is in the form of payments that are laid out per the terms of the contract. And though the

3

Court recognizes that the plaintiffs did not—plaintiff does not file a breach of contract lawsuit, the Court cannot ignore the fact that the allegations are so intertwined with the contract itself that it can't ignore the fact that the provisions of the contract which the Louisiana law favors, and to which the Court acknowledges that there was no argument against the forum selection itself other than it's [sic] relevancy to this matter. The court does find that it is relevant, because but for the contract it appears the parties who allegedly conspired on both sides of the equation would not have been doing business together but for the contract. Therefore, the Court finds that the forum selection clause of the contract or contracts at issue dominates in this matter and should be enforced. Therefore, the Court finds that the exception of improper venue [sic] declinatory exception of improper venue shall be and is hereby sustained.

The trial court rendered an April 11, 2022 judgment sustaining the Tauber Defendants' declinatory exception of improper venue and ordering that the Tauber Defendants' dilatory exception of vagueness was moot. This appeal followed.

## DISCUSSION

**Universal's Assignments of Error**

On appeal, Universal raises two assignments of error. First, Universal contends that the trial court erred when concluded that "its conversion claim 'arose under or in connection with' its contract[s] to sell" petrochemical products to Tauber. Second, Universal argues that the trial court erred when it found that Ms. Sheffield and Mr. Verhoff, who are non-signatories to the four contracts at issue in this litigation, could "avail themselves" of the forum selection clause in each of the four contracts between Universal and Tauber.

As a preliminary matter, Universal argues that venue is proper in Orleans Parish, Louisiana, pursuant to La. C.C.P. arts. 42(1) and 73 because Mr. Grundmeyer is a domiciliary of Orleans Parish and because "an action against joint

4

or solidary obligors may be brought in a parish of proper venue under [La. C.C.P. art. 42] as to any obligor who is made a defendant." Universal further argues that the Tauber Defendants have not contested that Mr. Grundmeyer is a domiciliary of Orleans Parish.

Concerning Universal's first assignment of error, Universal asserts that the instant action "does not arise out of the contract[s] with the venue clause that the [Tauber] [D]efendants are trying to enforce." Rather, Universal contends that Mr. Grundmeyer and Mr. Coerver "misappropriated portions of the monies Tauber owed Universal" and "conspired with" Ms. Sheffield and Mr. Verhoff in a series of "secretive transactions" that were "not authorized or contemplated" in any of the contracts between Tauber and Universal.

With respect to the second assignment of error, Universal argues that the contracts are inapplicable to Ms. Sheffield and Mr. Verhoff because their "liability derives from the liability of the principal tortfeasors," namely Mr. Grundmeyer and Mr. Coerver. Accordingly, Universal further argues that because Mr. Grundmeyer and Mr. Coerver's "conversion of Universal's money is not authorized or contemplated" by the contracts between Tauber and Universal, "then neither are [Mr.] Verhoff's and [Ms.] Sheffield's acts to assist in misappropriating it." With respect to Tauber, Universal argues that Tauber is vicariously liable under La. Civ. Code art. 2320 for the actions of its employees, Ms. Sheffield and Mr. Verhoff, because the scope of their employment "including authorizing payment to vendors, which allowed them to play a key role in [Mr.] Grundmeyer's and [Mr.] Coerver's scheme to misappropriate funds owed to Universal." Universal relies on the Louisiana Supreme Court's decision in *LeBrane v. Lewis* in support of that argument. 292 So.2d 216 (La. 1974).

5

The Tauber Defendants argue that the trial court did not err when it concluded that the forum selection clause present in the four contracts between Tauber and Universal is enforceable and applies to the instant action. In support of this argument, the Tauber Defendants first assert that they properly admitted the four contracts as evidence and that Universal admitted that the forum selection clause found in each of the contracts is valid. Next, the Tauber Defendants contend that the scope of the forum selection clause encompasses the claims Universal raised in the instant litigation because Tauber and Tauber's employees would not have had any contact with Universal and Universal's employees without the existence of the four contracts between Tauber and Universal.

**Standard of Review**

"Exceptions of improper venue are reviewed using the *de novo* standard of review, as venue is a question of law." *Matthews United Fire & Cas. Ins. Co. Doctor Pipe, Inc.*, 16-0389, p. 3 (La. App. 4 Cir. 3/8/17), 213 So.3d 502, 505 (citing *Premier Dodge, L.L.C. v. Perrilloux*, 05-0554, p. 2 (La. App. 4 Cir. 1/25/06), 926 So.2d 576, 577). "When reviewing questions of law, an appellate court affords 'no special weight to the findings of the district court, but exercises its constitutional duty to review questions of law and renders judgment on the record.'" *Burds v. Skidmore*, 19-0263, p. 3 (La. App. 4 Cir. 3/22/19), 267 So.3d 192, 194 (quoting *Winston v. Millaud*, 05-0338, p. 5 (La. App. 4 Cir. 4/12/06), 930 So. 2d 144, 150). "Any factual determinations made by the trial court will be reviewed with the manifest error/clearly wrong standard." *Matthews*, 16-0389, p. 3, 213 So.3d at 505 (citing *Brewer v. J.B. Hunt Transp., Inc.*, 09-1408, 09-1428, p. 9 (La. 3/16/10), 35 So.3d 230, 237).

6

**Venue and Forum Selection Clauses**

"Venue means the parish where an action may be properly brought and tried under the rules regulating subject." *Underwood v. Lane Mem'l Hosp.*, 97-1997, p. 3 (La. 7/8/98), 714 So.2d 715, 716 (quoting La. C.C.P. art. 41). "Evidence may be introduced to support or controvert the declinatory exception of improper venue, when the grounds thereof do not appear from the petition, the citation or return thereon." *M&M Gaming, Inc. v. Storey*, 01-0545, p. 3 (La. App. 4 Cir. 5/30/01), 788 So.2d 1230, 1232. "If grounds for an objection of improper venue do not appear on the face of plaintiff's petition, the burden is on defendant to offer evidence in support of his position." *Vital v. State*, 522 So.2d 151, 152 (La. App. 4th Cir. 1988).

"A forum selection clause is a provision in a contract that mandates a particular state, county, parish, or court as the proper venue in which the parties to an action must litigate any future disputes regarding their contractual relationship." *Fidelak v. Holmes European Motors, L.L.C.*, 13-0691, p. 3 (La. 12/10/13), 130 So.3d 851, 853. Under Louisiana law, "forum selection clauses are generally enforceable and are not *per se* violative of public policy." *Shelter Mut. Ins. Co. v. Rimkus Consulting Grp., Inc. of La.*, 13-1977, p. 12 (La. 7/1/14), 148 So.3d 871, 878. Forum selection clauses "should be enforced in Louisiana unless the resisting party 'can clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid . . . [or that] enforcement would contravene a strong public policy of the forum in which suit is brought.'" *Id.*, p. 17, 148 So.3d at 881 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 13).

**Interpretation of Contracts**

A contract is defined as "an agreement by two or more parties whereby obligations are created, modified, or extinguished." La. Civ. Code. art. 1906. "Contracts have the effect of law and may be dissolved only through the consent of the parties or on grounds provided by law. Contracts must be performed in good faith." La. Civ. Code art. 1983. "Interpretation of a contract is the determination of the common intent of the parties." La. Civ. Code art. 2045. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. Civ. Code art. 2046. "The words of a contract must be given their generally prevailing meaning. Words of art and technical terms must be given their technical meaning when the contract involves a technical matter." La. Civ. Code art. 2047. "Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." La. Civ. Code art. 2050.

## ANALYSIS

While Universal has raised two assignments of error, the salient issue in this case is whether the forum selection clause in the four contracts between Universal and Tauber applies to the instant action. We agree with the trial court and find that it does.

In *Jackson v. Lajaunie*, the Louisiana Supreme Court evaluated whether insurance coverage applied to an accidental shooting at a service station. 270 So.2d 859 (La. 1972). The service station's operator had a homeowners' policy that contained an exclusion policy for "any act or omission in connection with the premises," with "premises" defined as the service station operator's home and not the service station itself. *Id.* at 863. In evaluating whether the exclusion applied to

8

the accidental shooting at the service station, the Louisiana Supreme Court explained:

> 'In connection with' is a broader term than 'arising out of the use of the premises for the purposes' of a service station. If a claim is made as the result of any act in connection with the service station premises, the exclusionary clause of the homeowners policy is applicable. The conclusion is inescapable that this prank was an act 'in connection with' the service station premises.
>
> . . .
>
> It cannot be said that this prank had no connection with the station. It happened at the station. The parties were present because of the station-one to sell and the other to buy gasoline. The gun was present because of the station; an employee had brought it there for protection because of a rumored invasion of motorcycle toughs. This tragic prank was linked to the station, associated with the station, related to the station and, in the absence of a new and restrictive definition of an old and well understood word, connected with the station. Therefore, [the station owner's] homeowners policy does not afford coverage for this accident.

*Id.* at 864.

In *Perkins v. Rubicon, Inc.*, the Louisiana Supreme Court employed a 'but for' test to determine whether an indemnity agreement applied to a workplace injury after a maintenance company had contracted with the owner of an industrial plant to hold the industrial plant "harmless from all claims, suits, actions, losses and damages for personal injury, including death and property damage, even though caused by the negligence of [the industrial plant owner], arising out of [the maintenance company's] performance of the work contemplated by" the contract. 563 So.2d 258, 258 (La. 1990). The Louisiana Supreme Court's first inquiry, "[b]ecause the purpose of the indemnity agreement is to allocate risks inherent in the activity between the parties to the contract," was to "determine whether the risk

that resulted in the injury was contemplated by the parties to the contract." *Id.* at 259. Next, the Louisiana Supreme Court interpreted the "arising out of" language of the indemnity agreement to "requir[e] a connexity similar to that required for cause-in-fact: Would the particular injury have occurred but for the performance of the work under the contract?" *Id.* Ultimately, the Louisiana Supreme Court concluded that because the injured plaintiff would not have been at the industrial plant but for the maintenance company's performance of the work pursuant to the contract, "the plaintiff's injuries arose out of the performance of the contract" and that the maintenance company was required to indemnify the industrial plant owner. *Id.* at 260.

In *Berry v. Orleans Parish School Board*, the Louisiana Supreme Court also interpreted an indemnity clause in an agreement between Lighthouse of the Blind in New Orleans, Inc. ("Lighthouse"), and Orleans Parish School Board for "mobility training services" and interpreted the indemnity clause using the same "but-for" test that the Louisiana Supreme Court had employed in *Perkins*. 01-3283, p. 1 (La. 6/21/02), 830 So.2d 283, 283. The indemnity clause required Lighthouse to hold the Orleans Parish School board harmless "from and against all claims, demands, suits, damages, judgments of sums of money, losses and expenses . . . arising out of the performance of any of the services to be performed pursuant" to the contract. *Id.* at p. 1, 830 So.3d at 283-84. Parents of students filed suit against Orleans Parish School Board and Lighthouse, alleging that one of Lighthouse's employees had sexually molested their children while they were at school. The Louisiana Supreme Court found that the indemnity clause applied because "[b]ut for Lighthouse's employment of [its employee] to perform services

10

under the contract for these students, [the Lighthouse employee] would not have had access to the children." *Id.* at p. 6, 830 So.2d at 287.

In the case *sub judice*, Universal contends that while the contracts between Universal and Tauber allowed Mr. Grundmeyer and Ms. Coerver "to perpetrate the scheme, [] the scheme did not arise under it or in connection with it." We disagree. To the contrary, as in the cases outlined above and as the Tauber Defendants have consistently argued, but for the existence of the four contracts between Universal and Tauber, the alleged conduct and monies owed at issue in this dispute would not exist. Accordingly, we agree with the trial court that "the source of the allegations for conversion clearly arise out of, or arise under or in connection with the transactions that were memorialized" in the contracts between Universal and Tauber. We further agree that the forum selection clause present in the contracts between Universal and Tauber is enforceable and affirm the trial court's judgment sustaining the Tauber Defendants' declinatory exception of improper venue.

## DECREE

For the foregoing reasons, we affirm the trial court's April 11, 2022 judgment sustaining the Tauber Defendants' declinatory exception of improper venue.

**AFFIRMED**

11