758 So.2d 851 (2000)
SOLOCO, INC. d/b/a Soloco Mallard
v.
Julius W. Jay DUPREE, et al.
Percy J. LeBlanc
v.
Julius W. "Jay" DUPREE et al.
Nos. 99-1476, 99-1477.
Court of Appeal of Louisiana, Third Circuit.
February 9, 2000.
*853 Michael A. Tomino, Jr., Lafayette, LA, Counsel for Plaintiff.
Arthur A. Morrell, New Orleans, LA, Counsel for Defendant/Third Party Plaintiff/Appellant.
L. Albert Forrest, Roy Forrest & Lopresto, New Iberia, LA, Counsel for Defendants/Third Party Defendants/Appellees.
Raymond Morgan Allen, Lafayette, LA, Counsel for Intervenor.
Cornelius "Baden" Johnson, Lafayette, LA, Defendant.
Court composed of HENRY L. YELVERTON, JIMMIE C. PETERS, and MARC T. AMY, Judges.
PETERS, J.
This litigation originated from a February 3, 1994 accident involving a thoroughbred race horse owned by Julius W. Jay Dupree (Dupree) and a truck leased by Soloco, Inc. (Soloco) and driven by its employee, Percy J. LeBlanc. Soloco and Percy J. LeBlanc filed separate suits against Dupree, as the owner of the horse involved in the accident; State Farm Fire and Casualty Insurance Company (State Farm), as Dupree's liability insurer; and Shelton LeBlanc (LeBlanc), the owner of the farm where the horse was being stabled at the time of the accident. Sometime after the suits were consolidated, the plaintiffs added Cornelius Johnson (Johnson), a licensed groom, as a party defendant. LeBlanc filed a third-party claim against Dupree and State Farm, seeking reimbursement of attorney fees expended in defending the suits. The trial court granted a motion for summary judgment filed by Dupree and State Farm and dismissed the third-party demand. Thereafter, the trial court rejected LeBlanc's motion for new trial on the summary judgment issue, and he has appealed.

DISCUSSION OF THE RECORD
At the center of this controversy is June's Bid, a retired thoroughbred race horse owned by Dupree. On January 1, 1994, Dupree contracted to stable June's Bid at LeBlanc's farm near Breaux Bridge, Louisiana. The complete agreement consisted of both written and oral terms. The parties executed a two-page written document entitled "LEASE," wherein LeBlanc agreed to provide, and Dupree agreed to lease, a single "stall" in a barn on LeBlanc's farm for the consideration of $1.00 per day. The lease does not mention June's Bid and makes no reference to any other use of the farm property. However, the parties acknowledge that the agreement contemplated Dupree would also have the use of the farm grounds for the benefit of June's Bid.
LeBlanc assumed no responsibility in caring for June's Bid. Rather, Dupree hired Johnson to care for the horse. In late January of 1994, Dupree delivered June's Bid to the farm and, trusting Johnson to tend to the horse, traveled to Texas to attend to his business. In the early morning of February 3, 1994, as Johnson exercised June's Bid in the farm training pool, the horse broke free and bolted toward Louisiana Highway 94 which runs adjacent to the farm. Upon reaching the highway, the horse collided with Soloco's truck, causing damage to the vehicle and personal injuries to the driver, Percy J. LeBlanc. June's Bid did not survive the crash.
In their suits for damages, the plaintiffs asserted their right to recover their damages from Dupree and LeBlanc under both negligence and strict liability theories. They added Johnson as a defendant under the same theories of recovery. Additionally, Gray Insurance Company, Soloco's worker's compensation insurer, intervened *854 to recover payments it made to Percy J. LeBlanc as a result of the accident.
Dupree and LeBlanc first filed peremptory exceptions of no right and no cause of action claiming immunity from liability pursuant to La.R.S. 4:173.1. The trial court initially rejected the exceptions, declaring La.R.S. 4:173.1 unconstitutional as a denial of substantive due process and equal protection. An appeal directly to the Louisiana Supreme Court resulted in a reversal of this decision. Soloco, Inc. v. Dupree, 97-1256 (La.1/21/98); 707 So.2d 12.
On remand, the trial court sustained Dupree's exceptions and dismissed him from the suit but denied LeBlanc's exceptions. LeBlanc then filed his answer to the original petition and a third-party demand for indemnification against Dupree and State Farm. Finding that the actual accident did not occur on the farm property and reasoning that the indemnification provision of the lease contract did not apply to incidents occurring off of the leased premises, the trial court granted summary judgment in favor of Dupree and State Farm. Thereafter, it rejected LeBlanc's motion for a new trial on the issue. LeBlanc then instituted this appeal asserting that (1) the trial court erred in concluding that the contractual indemnification between him and Dupree did not apply to injuries occurring off of the leased premises, and that (2) the trial court erred in not granting him a new trial.

OPINION
Appellate courts review summary judgments de novo, using the same analysis as the trial court in deciding whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94); 639 So.2d 730. The procedure and burdens of proof associated with consideration of a motion for summary judgment found in La.Code Civ. P. art. 966 are well settled in the law and jurisprudence and require no further citation. While there is no question as to the facts of this case, the legal question of interpretation of the lease agreement is at issue.

Assignment of Error No. 1.
LeBlanc seeks only to be reimbursed for the amount of attorney fees incurred in the defense of the two tort suits. As a general rule, attorney fees may be awarded only when expressly authorized by statute or a contract between the parties. General Motors Acceptance Corp. v. Meyers, 385 So.2d 245 (La.1980). Additionally, attorney fees are recoverable pursuant to indemnification agreements allowing the same. See Griffin v. Tenneco Oil Co., 625 So.2d 1090 (La.App. 4 Cir. 1993), writ denied, 93-2710 (La.1/7/94); 631 So.2d 449; Wuertz v. Tobias, 512 So.2d 1209 (La.App. 5 Cir.1987). In this case, LeBlanc asserts that the lease contract itself is the authority for an attorney fee obligation. He relies on language found in a section of the lease entitled "Attorney's Fees." That section reads as follows:
In case an Attorney be employed to protect any right of Lessor or Lessee arising under this lease, the party whose actions or inactions necessitate such employment shall pay additionally a reasonable attorney's fee.
While recognizing the existence of this language in the lease contract, the trial court concluded that it did not apply to injuries sustained off the leased premises.
Whether or not the terms of the contract entitle any party to indemnification is determined by the law of contract interpretation. See Brown v. Drillers, Inc., 93-1019 (La.1/14/94); 630 So.2d 741. Contracts have the force of law between the parties, and the courts are bound to interpret them according to the common intent of the parties. La.Civ.Code art. 1983; La.Civ.Code art.2045. If the words of the contract are clear, unambiguous, and lead to no absurd consequences, the court need not look beyond the contract language to determine the true intent of *855 the parties. La.Civ.Code art.2046. However, when the language of a contract is ambiguous, it is interpreted against the party who provided the contract. La.Civ. Code art.2056; Brignac v. Brignac, 96-1702 (La.App. 3 Cir. 6/18/97); 698 So.2d 953, writ denied, 97-2584 (La.1/16/98); 706 So.2d 976.
Indemnification provisions of leases may apply even if the injury at issue occurs off the premises as long as the incident arises out of the performance or nonperformance of the lease. Couvillion v. Shelter Mutual Ins. Co., 95-1186 (La. App. 1 Cir. 4/4/96); 672 So.2d 277. The question to be considered in determining whether an indemnity agreement is enforceable is "whether the risk that resulted in the injury was one contemplated by the parties to the contract." Perkins v. Rubicon, Inc., 563 So.2d 258, 259 (La.1990). In considering the "arising out of" concept, the analysis requires "a connexity similar to that required for determining cause-infact: Would the particular injury have occurred but for the performance of work under the contract?" Id.
Citing May v. Acadiana Regional Airport, 562 So.2d 47 (La.App. 3 Cir.1990) and Peacock's, Inc. v. Shreveport Alarm Co., 510 So.2d 387 (La.App. 2 Cir.), writ denied, 513 So.2d 826, 827, 828 (La.1987), Dupree and State Farm assert that Louisiana jurisprudence sets forth a broad rule that a lessee cannot be held liable under a lease for injuries occurring off the leased premises. However, we find these cases distinguishable from the case at hand in that they involved the question of lessee liability for physical defects on property owned by the lessor but not subject to the lease. The courts reasoned that the lessees could not be held liable under indemnity provisions of their leases for defects in property over which they had no control. In the case at hand, the breach of duty on the part of the lessee occurred on the leased premises when the horse was allowed to escape.
In applying these rules of interpretation to the indemnification language involved in this contractual dispute, we find that the trial court erred in concluding that the indemnification provision did not apply to injuries sustained off the leased premises. While the holding of Couvillion is fact-specific to the language of the contract at issue in that case, we conclude that a lessee's actions on the leased premises which cause damages off of the premises may be sufficient to hold the lease indemnification provision applicable. This is particularly true of the situation at hand, as holding the provision to be inapplicable for the sole reason that the injury occurred off of the leased property leads to an absurd result, considering that the property is a farm stabling animals such as horses which are, by their very nature, mobile.
Further, we do not find the language of the lease ambiguous. It clearly states that "the party whose actions or inactions necessitate" the other party to hire an attorney is obligated to pay the other's "reasonable attorney's fee." Johnson's actions or inactions in allowing June's Bid to break free gave rise to the suits being filed against LeBlanc and created the necessity of LeBlanc hiring legal counsel to protect his interests. Given the small amount of consideration which LeBlanc was to receive under the lease agreement, only $1.00 per day, we find that the obvious intention of the parties in using this language was to allocate the risks inherent in the stabling of horses to the horse owner, Dupree.
Dupree and State Farm argue that, even assuming the indemnification clause does apply to injuries occurring off the premises and the language is not ambiguous, they are still not liable to LeBlanc for attorney fees because of the immunity provisions of La.R.S. 4:173.1. That statute reads in pertinent part as follows:
A. No person ... engaged in the breeding, training, or racing of thoroughbred or quarter horses in Louisiana *856 shall be held liable for damages to a third party caused by a horse they own while such horse is in the care, custody, or control of a person other than the owner, unless such damages were caused by the gross negligence of the owner of the horse.
B. The sole right of action for an employee of a person, other than the owner of the horse, who had care, custody, or control of such horse at the time damages were incurred shall be pursuant to the Louisiana Worker's Compensation Law.
C. The right of action for all other third parties is restricted to the person, other than the owner of the horse, who had care, custody, or control of the horse at the time damages were incurred.
For the immunity provisions of this statute to apply, June's Bid would have had to be "in the care, custody, or control" of LeBlanc. All that is before us suggests otherwise. Moreover, we interpret the statute to mean horse owners are immune from tort liability but not from liability under contract. Therefore, we reject this argument.
Dupree and State Farm also argue that to give application to the indemnity clause at issue would violate the rule of law that prohibits an indemnitor from being responsible for the negligence of the indemnitee absent provisions of the agreement expressing such an intention in clear and unequivocal terms. See Perkins, 563 So.2d 258. We agree that such an indemnification arrangement should be strictly construed by the court and, absent an unequivocal express agreement on the issue, should not be enforced. However, that is not the case before us.
While the language of the lease could be more artfully drawn, it is unambiguous. It does not suggest that Dupree and State Farm are to pay for LeBlanc's negligent actions but, rather, for Dupree's "actions or inactions." If Dupree's actions or inactions are not what necessitated LeBlanc's attorney fees, they owe nothing. It is only if and when that element of proof is presented to the trial court that the obligation arises. Thus, there is a question of fact to be considered by the trial court, and Dupree and State Farm are not entitled to a judgment of dismissal as a matter of law. Thus, we find merit in LeBlanc's assignment of error and reverse the trial court decision granting Dupree and State Farm a dismissal of the third-party demand against them. Because we find merit in LeBlanc's first assignment of error requiring a reversal of the trial court's decision, we find it unnecessary to address the appellants' second assigned error concerning the trial court's rejection of their motion for a new trial.

DISPOSITION
For the foregoing reasons, we reverse the trial court's judgment granting the motion for summary judgment and dismissing the third-party demand filed by Shelton LeBlanc against Julius W. Jay Dupree and State Farm Fire and Casualty Insurance Company and remand this matter to the trial court for further proceedings. All costs of this appeal are taxed against Julius W. Jay Dupree and State Farm Fire and Casualty Insurance Company.
REVERSED AND REMANDED.