hPICKETT, Judge.

FACTS

On January 1, 1994, Julius W. Jay Du-pree (Dupree) entered into a contract of lease with Shelton LeBlanc (LeBlanc) wherein LeBlanc agreed to lease to Du-pree a single stall in a barn on LeBlanc’s farm for the consideration of $1.00 per day. The lease makes no reference to any other use of the farm property; however, the parties acknowledge the agreement between them included the use of the farm grounds for the benefit of June’s Bid, the thoroughbred to be stabled. The lease contains a paragraph, entitled “Attorney’s Fees” which provides .as follows:
*624 “In case an Attorney be employed to protect any right of Lessor or Lessee arising under this lease, the party whose actions or inactions necessitate such employment shall pay additionally a reasonable attorney’s fee.”
Dupree hired Cornelius Johnson (Johnson), a licensed groom, to care for the horse. On February 3, 1994, Johnson exercised June’s Bid in the farm training pool which was outside the fenced area. The horse broke free from Johnson and darted onto Louisiana Highway 94 which runs adjacent to the farm. The horse was hit by a truck leased to Soloco, Inc. (Solo-co) and driven by its employee, Percy J. LeBlanc. June’s Bid was killed in the collision.
Soloco and Percy J. LeBlanc filed separate suits against Dupree, as the owner of the horse involved in the accident; State Farm Fire and Casualty Insurance Company (State Farm), as Dupree’s liability insurer; and Shelton LeBlanc, the owner of the farm where the horse was being stabled at the time of the accident. The suits were ultimately consolidated and the plaintiffs added Johnson as a party defendant. LeBlanc filed a third-party claim against Dupree and State Farm, seeking reimbursement of attorney fees expended in defending the suits. Craig Insurance 12Compan;y, Soloco’s workers’ compensation insurer, intervened to recover payments made to Percy J. LeBlanc as a result of the accident.

Procedural Background

In their suits for damages, the plaintiffs proceed under theories of both negligence and strict liability.
Dupree and LeBlanc filed peremptory exceptions of no right and no cause of action claiming immunity from liability pursuant to La. R.S. 4:173.1. The trial court denied the exceptions, declaring La. R.S. 4:173.1 unconstitutional as a denial of substantive due process and equal protection. The Louisiana Supreme Court reversed that ruling. Soloco, Inc. v. Dupree, 97-1256 (La.1/21/98); 707 So.2d 12.
On remand, the trial court sustained Dupree’s exceptions and dismissed him from the suit but denied LeBlanc’s exceptions. LeBlanc filed an answer to the original petition and a third-party demand for indemnification against Dupree and State Farm seeking reimbursement of his attorney fees.
Dupree and State Farm filed a motion for summary judgment as to LeBlanc’s third-party demand. The trial court determined that the actual accident occurred off the farm property and held the indemnification provision of the lease contract did not apply to accidents occurring off the leased premises. Accordingly, the trial court granted summary judgment in favor of Dupree and State Farm.
LeBlanc appealed the grant of summary judgment by the trial court. This court ultimately reversed that ruling and remanded the matter to the trial court for further proceedings. Soloco, Inc. v. Julius W. Jay Dupree, 99-1476 (La.App. 3 Cir. 2/9/00); 758 So.2d 851.
A hearing was held before the trial court April 10, 2000, for the court to hear ^arguments relative to LeBlanc’s claim for attorney fees. On May 3, 2000, the trial court issued written reasons for judgment, denying LeBlanc’s claim. This appeal followed.

DISCUSSION

The appellant has asserted one assignment of error, arguing the trial court erred in ruling the lessee was not contractually obligated to indemnify the lessor for attorney fees.
The portion of the lease at issue before the court provides as follows:
“Attoimey’s Fees”
In case an Attorney be employed to protect any right of Lessor or Lessee arising under this lease, the party whose actions or inactions necessitate such em *625 ployment shall pay additionally a reasonable attorney’s fee.
This court, when the summary judgment was before us previously, recognized this incident arose under the lease and, further, that while Dupree and State Farm are not required to indemnify LeBlanc for attorney fees incurred based on a claim that LeBlanc was negligent, they are required to indemnify LeBlanc for attorney fees incurred for defending a claim that arose as a result of Dupree’s “actions or inactions.” Id. at 856.
On remand, the trial court found it was not the action or inaction of Julius Dupree which initiated the suit by Soloco, Inc. and further found that Johnson was an independent contractor and not Dupree’s employee. The trial court found Dupree could not be held responsible for Johnson’s actions or inactions.
We disagree and reverse the ruling of the trial court.
The trial court determined, basically, that because Dupree was not holding the rope when the horse broke free, he is not required to honor that portion of the lease |4that requires him to indemnify. That portion of the opinion previously issued by this court wherein Judge Peters stated “If Dupree’s actions or inactions are not what necessitated LeBlanc’s attorney fees, they [Dupree and State Farm] owe nothing,” was clearly taken out of context by appel-lees when this matter was submitted below which resulted in an erroneous application of this court’s previous ruling to the ultimate issue before the court.
Under the terms of the lease, terms to which Dupree agreed, he is required to pay any attorney fees incurred by LeBlanc which result from a suit filed based on any incident “arising under the lease” and resulting from his (Dupree’s) actions or inac-tions.
In other words, even if the suit was filed based on an incident “arising under the lease” Dupree is not required to pay attorney fees for LeBlanc if LeBlanc’s own negligence or liability necessitates the hiring of an attorney. Such is not the case before us.
Dupree, subsequent to the signing of the lease and pursuant to its terms, brought June’s Bid to be housed in the stable which is the subject of said lease. He hired Johnson to feed, water, exercise and care for the animal in his absence. The person he hired to care for June’s Bid allowed her to escape and cause a serious accident. As a result, LeBlanc was sued.
Whether Dupree is legally liable for any injuries that resulted from this incident is a totally separate issue from that to be determined by this court. Clearly Du-pree’s actions or inactions in exercising the rights granted him under this lease led to the accident which ultimately resulted in LeBlanc being sued.
Mr. Dupree is legally responsible to indemnify LeBlanc for attorney fees | .^expended in defense of this lawsuit under the terms of the lease agreement entered into between these parties.
Based on the record before us, it is not possible to determine those fees. Therefore, the matter will be remanded to the trial court for the purpose of determining the amount of attorney fees to which Le-Blanc is entitled. All costs of this appeal are assessed against Julius W. Jay Du-pree.
REVERSED AND REMANDED WITH INSTRUCTIONS.