819 So.2d 453 (2002)
Lavera GEORGE
v.
RELIANCE INSURANCE COMPANY, et al.
No. 2001-1336.
Court of Appeal of Louisiana, Third Circuit.
June 5, 2002.
*454 Jimmy L. Dauzat, Dauzat, Falgoust, Caviness and Bienvenu, L.L.P., Opelousas, LA, for Kenneth O'Neil Privat, Thomas Keith Regan.
James A. Rowell, Degan, Blanchard and Nash, New Orleans, LA, for Trinity Universal Insurance Co.
Stephen M. Gele, Ungarino and Eckert, L.L.C., Metairie, LA, for Family Dollar Stores of Louisiana, Inc.
Claudia P. Santoyo, Ungarina and Eckert, L.L.C., Metairie, LA, for Family Dollar Stores of Louisiana, Inc.
Court composed of HENRY L. YELVERTON, JOHN D. SAUNDERS, and JIMMIE C. PETERS, Judges.
SAUNDERS, Judge.
This is an action for indemnity and attorney's fees resulting from the defense of a personal injury action. The movant filed for summary judgement. This motion was ultimately denied by the trial court. As a result, the movant applied for writs challenging the denial. We called up the case for briefing, arguments, and an opinion. We now deny the writ application, finding no error in the trial court's rulings.

FACTUAL AND PROCEDURAL BACKGROUND
On July 18, 1986, Thomas K. Regan and Kenneth O. Privat entered into a lease with Family Dollar Stores of Abbeville, Louisiana ("Family Dollar") to lease space in the Wager Shopping Center at 826 North Parkerson Avenue in Crowley, Louisiana. On October 4, 1989, the lease was amended to include additional space for a Family Dollar Store. On April 17, 1998, the lease was extended to December 31, 2000. The lease provided that the landlord shall maintain insurance against public liability for personal injury arising out of the use of common areas. The lease further provided that the tenant shall be named as the additional insured under the policy.
The case before us arises out of an action for personal injuries resulting from an alleged trip and fall accident. The accident occurred outside of the Family Dollar store in Crowley, Louisiana. The plaintiff filed a petition for damages alleging that on or about November 7, 1998, she tripped and fell on the sidewalk outside of the Family Dollar Store because of a three-inch gap in the sidewalk pallets. Family Dollar answered the suit and filed a cross-claim against Regan, Privat, and their insurer, Trinity Universal Insurance Company ("Trinity"), alleging that Privat and Regan breached the lease agreement between the parties by failing to add Family Dollar as an additional insured under the Trinity policy. This cross-claim additionally alleged that Privat and Regan owed indemnity and cost of defense to Family Dollar because of the alleged breach.
Family Dollar then moved for summary judgement on their cross-claim. A hearing was held, on this issue, on May 14, 2001. *455 After the hearing, the trial court rendered judgement in favor of Family Dollar ordering that Regan and Privat provide past and future indemnity and defense. This judgement was signed on June 25, 2001.
Alleging that the trial court's ruling was contrary to the law and the evidence, Regan and Privat filed a motion for rehearing requesting that the trial court reverse its prior ruling and deny Family Dollar's motion for summary judgement. Following briefing and argument, the trial court granted Regan and Privat's motion for rehearing, reversed its prior judgement granting Family Dollar's motion for summary judgement, and assessed all costs of both Family Dollar's motion for summary judgement and Regan and Privat's motion for rehearing against Family Dollar.
As a result of the trial court's ruling, Family Dollar now seeks supervisory writ of the trial court's decision. Family Dollar first asserts that the trial court erred in denying Family Dollar's motion for summary judgement against Regan and Privat. Second, Family Dollar asserts that the trial court erred in taxing it with costs of both its own motion for summary judgement and Regan and Privat's motion for rehearing.

LAW AND ANALYSIS

Family Dollar's First Assignment of Error
As its first assignment of error, Family Dollar alleges that the trial court erred in denying their motion for summary judgment. Specifically, Family Dollar alleges that summary judgment is appropriate as no genuine issue of material facts remain and that Family Dollar is entitled to summary judgment as a matter of law. Upon review, we find no merit to this assertion and affirm.
We review summary judgements de novo using the same criteria that governed the trial court's determination of whether summary judgement is appropriate. Guillory v. Interstate Gas Station, 94-1767 (La.3/30/95); 653 So.2d 1152. "After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted." La.Code Civ.P. art. 966(C)(1). Thus, the threshold question for a reviewing court is whether a genuine issue of material fact exists. Hardge v. Dubosq, 00-1721 (La. App. 3 Cir. 4/4/01); 797 So.2d 84.
Citing Myers v. Burger King Corp., 618 So.2d 1123 (La.App. 4 Cir.1993), writs denied, 629 So.2d 348 (La.1993), and Lopez v. Hartford Accident & Indem. Co., 495 So.2d 375 (La.App. 3 Cir.1986), writs denied, 498 So.2d 757 (La.1986), Family Dollar asserts that, as a matter of law, it is entitled to indemnity from Privat and Regan. Family Dollar argues that these cases stand for the rule of law that when a contract requires procuring liability insurance on behalf of the other party, the party failing to procure the insurance indemnifies that party for whom the insurance should have been procured.
While we agree with this jurisprudence, our review of the record indicates the existence of genuine issues of material fact. Under Section 11(c) of the lease, it is clear that Regan and Privat agreed to provide liability insurance and name Family Dollar as an insured. The record shows that Regan and Privat breached this provision. Thus, although Family Dollar is entitled to damages as a matter of law, the amount and type of damages that may be recoverable remains in dispute. This presents unresolved issues of fact, including whether Regan and Privat were in good faith or took reasonable efforts to mitigate damages and the specific amount of damages *456 depending on these factors. Accordingly, we agree with the trial court's finding that summary judgment would be improper at this time.

Family Dollar's Second Assignment of Error
Family Dollar asserts that the trial court erred in taxing it with costs of both its own motion for summary judgment and Privat and Regan's motion for rehearing. Finding no error, we affirm.
As this court has already indicated, "[a] trial court is given great discretion in taxing court costs in any manner it deems equitable." Adams v. Canal Indem. Co., 99-1190, p. 12 (La.App. 3 Cir. 5/10/00); 760 So.2d 1197, 1205, writ denied, 00-1636 (La.9/22/00); 769 So.2d 1212, 00-1637 (La.9/22/00); 769 So.2d 1213; (citing) La.Code Civ.P. art.1920. As a general rule, a party cast in judgment is taxed with costs of the proceedings. Id. "However, the trial court may assess costs in any equitable manner and its assessment will not be reversed on appeal in the absence of an abuse of discretion." Id.
In light of the fact that Family Dollar's motion for summary judgment was ultimately denied by the trial court and the great discretion allowed the trial court in taxing court costs, we cannot say that the trial court abused this great discretion in taxing all costs to Family Dollar. As such, the decision of the trial court to tax Family Dollar with all costs is affirmed.

DECREE
The findings of the trial court are affirmed in all respects. All costs associated with this appeal are assigned to Family Dollar.
WRIT DENIED.