STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

LAVERA GEORGE

VERSUS

RELIANCE INSURANCE COMPANY, ET AL.


**********


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 75,916
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE


**********


**MARC T. AMY
JUDGE**


**********


Court composed of John D. Saunders, Marc T. Amy, and Glenn B. Gremillion, Judges.


**AFFIRMED.**


**Jimmy L. Dauzat
Dauzat, Falgoust, Caviness,
and Bienvenue, L.L.P.
505 South Court Street
Opelousas, LA 70571-1450
(337) 942-5811
COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Kenneth O'Neil Privat
    Thomas Keith Regan
    Trinity Universal Insurance Co. of Kansas, Inc.**

**Thomas Stephen Morse
Adams, Johnston & Oreck
601 Poydras Street, Suite 2490
New Orleans, LA 70130
(504) 561-7799
COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Kenneth O'Neil Privat
    Thomas Keith Regan
    Trinity Universal Insurance Co. of Kansas, Inc.**

**James Albert Rowell**
**400 Poydras Street, Suite 2600**
**New Orleans, LA 70130**
**(504) 529-3333**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Trinity Universal Insurance Co. of Kansas, Inc.**

**Scott Anthony Dartez**
**Perrin, Landry**
**Post Office Box 53597**
**Lafayette, LA 70505**
**(337) 237-8500**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Lavera George**

**Stephen Michael Gele´**
**Ungarino & Eckert, L.L.C.**
**3850 North Causeway Boulevard, Suite 1280**
**Metairie, LA 70002**
**(504) 836-7537**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Travelers Property and Casualty Insurance Company**
    **Family Dollar Store**
    **Reliance Insurance Company**
    **Trinity Universal Insurance Co. of Kansas, Inc.**

AMY, Judge.

In this action for indemnity and attorney's fees resulting from the defense of a personal injury action, the trial court denied the claims of the tenant and landlord. The tenant appealed, and the landlord answered the appeal. For the following reasons, we affirm.

**Factual and Procedural Background**

This case arises from an alleged trip and fall accident at the Wager Shopping Center in Crowley, Louisiana. On July 18, 1986, Kenneth O. Privat and Thomas K. Regan ("Privat & Regan") entered into a lease with Family Dollar Stores of Louisiana, Inc. for space at the Wager Shopping Center. This lease provides, in pertinent part:

> 11. INSURANCE. . . .
>
> (b) Tenant shall maintain insurance against public liability for personal injury or death or damage to property occurring in the demised premises arising out of the use and occupancy thereof by Tenant. Such insurance shall be with minimum limits of $500,000/$1,000,000 for personal injury or death and $100,000 for property damage and Landlords shall be named as an additional insured under the policy (except for structural alterations, new construction or demolition operations performed by or behalf of landlords).
>
> (c) Landlords shall maintain insurance against public liability for personal injury or death or damage to property arising out of the acts or omissions of Landlords or arising out of the use of common areas (including without limitation, parking areas, sidewalks, ramps and service areas) in the shopping center. Such insurance shall be with minimum limits of $250,000/$500,000 for personal injury or death and $50,000 for property damage, and Tenant shall be named as an additional insured under the policy.
>
> . . . .
>
> 12. MAINTENANCE AND REPAIRS. The Landlords shall maintain, keep and repair, at their expense, the shopping center and all exterior portions of the building constituting part of the demised premises, including the roof, exterior walls, canopy, gutters, downspouts, and also all structural portions of said building whether the same be on the interior or the exterior. In addition, the Landlords agree

they will keep the paved and marked parking, service and access areas maintained, including the removal of snow, trash and debris, and in a good state of repair and properly lighted. . . .

The Tenant shall keep, maintain and repair at its expense all interior portions of said building, except structural portions, and keep the plumbing, electrical, heating and air conditioning systems in repair except major repairs and replacements shall be at Tenant's option and Tenant agrees to notify Landlords of any such major repair or replacement which Tenant does not elect to have made.

Notably, this lease does not contain any provision concerning indemnity or the recovery of attorney's fees.

After an alleged trip and fall at the Wager Shopping Center, Lavera George filed a petition naming Family Dollar, Privat & Regan, and their liability insurers as defendants. This petition alleged that, on or about November 7, 1998, George tripped and fell on the sidewalk outside the Family Dollar Store because of a three-inch gap in the sidewalk pallets. Family Dollar and Privat & Regan made the following stipulation which provides more information about the alleged trip and fall:

[O]n November 7, 1998, members of the Masonic Brothers and Order of the Eastern Star of the Morning Star Missionary Baptist Church in Crowley, Louisiana, were selling hamburgers and po-boys in front of the Family Dollar Store in the Wager Shopping Center at 826 North Parkerson Avenue, Crowley, Louisiana; the Masonic Brothers and Morning Stars set up for the sale on the sidewalk in front of the Family Dollar Store a long table with two folding legs, and three chairs behind the table, at which Lavera George sat in the chair to the south; at approximately noon Lavera George got up from the table, walked along the sidewalk and fell.

After answering George's petition, Family Dollar and Privat & Regan filed cross claims. Family Dollar's cross claim alleged that Privat & Regan breached the lease agreement between the parties by failing to add Family Dollar as an additional insured under a public liability policy covering the common areas of the shopping center. As a result, Family Dollar claimed that Privat & Regan owed it a defense and

2

indemnity and sought to recover all of its legal expenses toward defense of the George lawsuit. Privat & Regan's cross claim alleged that Family Dollar had breached the lease by failing to add them as an additional insured under Family Dollar's liability insurance policy. Much like Family Dollar, Privat & Regan asserted that it was entitled to recover attorney's fees and damages.

On October 16, 2002, Family Dollar filed a motion for summary judgment on its cross claim against Privat & Regan, and the trial court granted Family Dollar's motion. However, alleging that the trial court's ruling was contrary to the law and evidence, Privat & Regan requested a rehearing. After all of the parties settled with George on her original claims, the trial court granted Privat & Regan's motion for rehearing and reversed its prior judgment. Family Dollar sought supervisory writs of the trial court's ruling. A panel of this court found no error, and Family Dollar's writ application was denied. *See George v. Reliance Ins. Co.*, 01-1336 (La.App. 3 Cir. 6/5/02), 819 So.2d 453.

On October 21, 2002, Family Dollar filed another motion for summary judgment on its cross claim against Privat & Regan, and it attached the billing records of the law firm of Ungarino and Eckert totaling $17,739.61. The trial court denied Family Dollar's motion for summary judgment "on the grounds that there is no provision by statute or contract for the payment of attorney's fees; and, therefore, … claim for attorney's fees would not be in accordance with the law."

Thereafter, Family Dollar and Privat & Regan submitted their cross claims to the trial court for trial on the merits. The evidence at trial consisted of joint stipulations of both facts and evidence in lieu of live testimony. On January 10, 2003,

3

the trial court gave, in part, the following written reasons for dismissing both cross claims:

> Under the provisions of the lease, both the landlord and the tenant agreed to maintain insurance against public liability for personal injury. Both landlord and tenant also agreed to name each other as an additional insured under their respective policies. This provision was breached by both sides. The issue to be decided by the Court is whether attorney fees are recoverable as an item of damages due to the breach.
>
> After considering the evidence presented and the joint stipulations submitted, the Court finds that attorney fees are not recoverable in the case because the lease agreement between the parties does not contain a provision for the recovery of attorney fees.
>
> From this judgment, Family Dollar appeals, alleging the following assignments

of error:

> 1. The trial court erred by denying Family Dollar and Traveler's claims for attorneys fees and costs against Privat and Regan.
>
> 2. The trial court erred by finding that Family Dollar breached the lease between Family Dollar and Privat and Regan.
>
> 3. The trial court erred by not finding as a matter of law Privat and Regan owed Family Dollar and Traveler's costs of defense, including costs and attorney's fees.

Privat and Regan also filed an answer to the appeal, requesting "that this Court reverse that portion of the judgment dated January 10, 2003, which dismissed with prejudice the cross claim of [Privat & Regan] herein against FAMILY DOLLAR STORES OF LOUISIANA, INC., and TRAVELER'S INSURANCE COMPANY and render judgment in favor of [Privat & Regan] and against said parties, granting to [Privat & Regan] all relief sought in their cross claim at the cost of cross defendants."

4

**Discussion**

*Recovery of Attorney's Fees*

On appeal, Family Dollar points out that, by entering the lease agreement, Privat & Regan obligated themselves to obtain liability insurance and have Family Dollar added as a named insured. Since Privat & Regan did not have it added as a named insured, Family Dollar asserts that it is entitled to recover the costs of defense and indemnity. Further, it attempts to differentiate its claim from a "typical claim for attorney's fees." Family Dollar contends that it is not seeking the recovery of attorney's fees for the prosecution of its cross claim. Rather, it argues that it is seeking damages that resulted from Privat & Regan's alleged breach of the lease, which happen to be attorney's fees. As such, Family Dollar urges this court to reverse the judgment of the trial court dismissing its cross claim.

Despite Family Dollar's attempt to differentiate its claim, we find no error in the trial court's determination that Family Dollar is seeking the recovery of attorney's fees. As a general rule, attorney's fees cannot be recovered unless expressly authorized by statute or contract. *Soloco, Inc. v. Dupree*, 99-1476 (La.App. 3 Cir. 2/9/00), 758 So.2d 851. A suit for breach of contract is not an exception to the general rule. *Willet v. Premier Bank*, 97-187 (La.App. 3 Cir. 6/4/97), 696 So.2d 196. Review of the lease in this case indicates that there is no provision addressing indemnity or the recovery of attorney's fees. Therefore, regardless of the finding of breach of lease by either party, Family Dollar is not entitled to recover attorney's fees; nor is Privat & Regan. Accordingly, the trial court did not err when it denied the cross claims of Family Dollar and Privat & Regan.

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed. Half of all costs of this appeal are assigned to Family Dollar Stores of Louisiana, Inc.; the remaining costs are assigned to Privat & Regan.

**AFFIRMED**.