NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

23-790

BEATRIZ HEWEL

VERSUS

COBIE R. TURNER

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
CITY COURT OF LAFAYETTE
PARISH OF LAFAYETTE, NO. 2023-1149
HONORABLE JULES D. EDWARDS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

LEDRICKA J. THIERRY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Candyce G. Perret, Sharon Darville Wilson, and Ledricka J. Thierry, Judges.

AFFIRMED IN PART, REVERSED IN PART.

**Beatriz Hewel**
**223 Mills Street**
**Scott, LA 70583**
**PRO SE PLAINTIFF-APPELLEE**

**Cobie R. Turner**
**200 Lodge Drive, Unit 307**
**Lafayette, LA  70506**
**(337) 371-0061**
**PRO SE DEFENDANT-APPELLANT**

**THIERRY, Judge.**

Defendant-Appellant, Cobie R. Turner, appeals the judgment of the trial court in favor of Plaintiff-Appellee, Beatriz Hewel, that ordered her to return a deposit of $3,000, plus costs and reasonable attorney fees.

## FACTS AND PROCEDURAL HISTORY

In February of 2023, Hewel and Turner discussed the possible purchasing of Turner's condominium. On February 24, 2023, a document titled "Bill of Sale" was filled out by Turner and signed by both Turner and Hewel. The "Bill of Sale" was a form document printed out from a website called www.nolo.com. On the document is hand-written information, that was acknowledged by all parties to have been written by Turner. On Paragraph 6, the following was hand-written by Turner, and specifically provided: "n/a other than show buyer gave seller $3,000 deposit & down payment. Closing costs are paid by seller, I, Cobie R. Turner."

After both Hewel and Turner signed this "Bill of Sale," Hewel attempted to secure financing to purchase the condominium from Jackie Edgar Mortgage, LLC. During the background check, it was found that there was ongoing litigation involving the condominium and the lender would not authorize the financing on the purchase of that condominium. There also was some testimony that there was an argument between Hewel and Turner concerning who would be responsible for closing costs, despite what was written in Paragraph 6 of the "Bill of Sale." We note there was no dispute that Hewel did pay Turner $3,000 as a deposit.

When the financing fell through, Hewel requested she be paid back her $3,000 deposit. Turner refused. On March 6, 2023, counsel for Hewel sent a demand letter to Turner seeking a return of the $3,000 deposit, along with the warning that the refusal to do so would result in a lawsuit being filed for the return of the deposit, which would subject Turner to court costs and attorney fees.

When Turner continued to refuse to return the deposit, Hewel filed "Suit for Return of Deposit" on April 13, 2023. Turner, representing herself, filed an "answer" in which she acknowledged "a $3,000 deposit was paid by [Hewel] and received by [Turner]." Turner contended in her answer that she did not return the $3,000 deposit "because Plaintiff declined to complete the sale."

The matter came to trial on October 5, 2023, where Turner continued to represent herself. The trial judge gave Turner ample leeway in questioning the witnesses and allowed her to present a lengthy recitation on the stand of what she believed the facts to be. At several times during the trial, Turner acknowledged she should have paid the $3,000 deposit back and agreed she would do so. She just stated it would be unfair for her to also be responsible for paying attorney fees and all costs. No legal authority was given for Turner's position, just her belief that it was the lender who caused most of the problems. However, she was unable to explain how the lender could secure financing for a condominium that was subject to ongoing litigation. The trial judge, in oral reasons, ruled in favor of Hewel, stating in pertinent part:

> . . . the plaintiff has uh, met her burden of proof. That she is due the return of the uh $3,000 uh, down payment. And the fact that this had – this litigation had to occur uh, is a good enough reason for her – the defendant to be obliged to pay the plaintiff's uh, attorney's fees.

A final judgment was signed on October 5, 2023, decreeing that "judgment was granted in favor of Beatriz Hewel and against Cobie Turner in the amount of $3,000 plus legal interest from the date of judicial demand and all costs and reasonable attorney's fees associated with these pleadings." This appeal followed.

## ANALYSIS

On appeal, Turner continues to represent herself. Hewel also chose to dismiss her trial counsel prior to this appeal. Turner lists no specific assignment of error.

She repeats the same argument made in the trial court, that it was the fault of Jackie Edgar Mortgage, the lender, that the deal fell through. Again, no legal authority is cited and no reasoning as to how and why the lender could have secured financing for a property that was burdened with ongoing litigation.

Contracts have the effect of law between the parties, and the courts are bound to interpret them according to the common intent of the parties. La.Civ.Code arts. 1983 and 2045. It was testified to by both Turner and Hewel that it was Turner who prepared the "Bill of Sale." That form included handwritten language, written by Turner, which provided that a $3,000 deposit was paid by Hewel, and that Turner was to be responsible for all closing costs. If the terms at issue in the contract between the parties are "clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La.Civ.Code art. 2046.

It is clear, based on the facts of this case, that Turner was legally responsible to return the deposit to Hewel, which she refused to do. She continued to refuse to return Hewel's deposit, despite receiving a demand letter by certified mail from Hewel's counsel. That letter also included the warning that refusal to return the deposit would require the filing of the instant lawsuit and the potential of her being cast with costs and attorney fees. In its reasons for judgment, the trial court noted that the fact the "litigation had to occur . . . is a good enough reason for [Turner] . . . to be obliged to pay the plaintiff's . . . attorney's fees." Although we find the trial court did not err in finding Turner was legally required to return the deposit and the payment of all costs, we do find the trial court erred in awarding attorney fees to Hewel.

As a general rule, attorney fees are not allowed in Louisiana except where authorized by a particular statute or provided for by contract. *Campbell v. Melton*,

3

01-2578 (La. 5/14/02), 817 So.2d 69. An award of attorney fees is, in essence, a type of penalty. *Sharbono v. Steve Lang & Son Loggers*, 97-110 (La. 7/1/97), 696 So.2d 1382. They are not awarded to make the injured party whole, but rather to discourage a particular activity or activities on the part of the other party. *Langley v. Petro Star Corp. of La.*, 01-198 (La. 6/29/01), 792 So.2d 721. A suit for breach of contract is not an exception to the general rule. *George v. Reliance Ins. Co.*, 03-379 (La.App. 3 Cir. 10/1/03), 856 So.2d 1267; *Concrete Pipe Prod. Co. v. Bell*, 427 So.2d 551 (La.App. 3 Cir.), *writ denied*, 433 So.2d 1052 (La.1983). Here, the "Bill of Sale" between the parties does not provide for the recovery of attorney fees and Hewel is not entitled to such despite being the successful litigant on that claim. Although the record is clear that Turner's conduct in refusing to return the deposit was in violation of the law, there simply is no legal basis for an award of attorney fees. Therefore, we are constrained to find that the trial court was in error in awarding attorney fees in this matter. That portion of the trial court judgment must be reversed.

### DECREE

For the foregoing reasons, we affirm the portion of the trial court's judgment ordering that the $3,000 deposit paid by Hewel to Turner be returned, with costs being paid by Turner. However, we reverse that portion of the judgment that awarded attorney fees to Hewel.

**AFFIRMED IN PART, REVERSED IN PART.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.